DWIGHT, P. J., and CORLETT, J., concurred.

Judgment affirmed.

---

·CHARLES KIBLER, ADMINISTRATOR, ETC., AND ANOTHER, APPELLANTS, _v._ LEVI L. MILLER AND OTHERS, RESPONDENTS.

_Will — when its provisions will be held to execute a power of appointment given to the testatrix by the will of another person._

A testatrix provided in her will as follows: "I give, devise and bequeath my property as follows:" and then directed to what persons and in what shares her estate should be given.

_Held_, that she thereby transferred not only her own individual estate, but a property and estate in which, by the will of another, she enjoyed a life estate with a power of disposing of the same.

APPEAL by the plaintiffs from a judgment, entered in the office ·of the clerk of the county of Erie on the 12th day of October, 1889, in favor of the defendants, dismissing the plaintiffs' complaint.

The action was brought for the purpose of recovering certain property particularly specified in the complaint, and for determining :as to the amount thereof, and was tried at a Special Term of the ,Supreme Court held in Erie county.

*Humphrey & Lockwood*, for the appellants.

*B. S. Farrington*, for the respondents.

MACOMBER, J.:

The plaintiff is the administrator, with the will annexed, of Jacob Grathwohl, and is also one of the legatees under such will and one of the heirs-at-law of the testator. The defendant Huver is the executor of the last will and testament of Margaret Grathwohl, deceased, the wife of Jacob Grathwohl, and the other defendants are the legatees under this last-named will. Jacob Grathwohl and Margaret Grathwohl, husband and wife, had resided in the town of Amherst, Erie county, for upwards of fifty years upon a farm which they tilled until unable to do so by reason of old age, and thereafter lived in a house owned by Jacob in the village of Williamsville. Jacob's property, at the time of the making of his will and at the time of his death, consisted of money, notes, bonds, mortgages and other securities, together with this house and lot where he and his wife resided, amounting in all to about $14,000 in value. His wife Margaret, at the time of making her will and at her death, owned a separate estate consisting of money, notes, bonds and mortgages amounting to about $3,000, which had been under her management and control since her marriage. They both belonged to the same religious order called Mennonites. The persons named in the will of Jacob, and to whom he bequeathed and devised all of his estate remaining at the death of Margaret, were his own blood relations and heirs-at-law; while the persons named in the will of Margaret were her blood relations, and none of them were the same persons named as devisees or legatees in the will of Jacob.

That part of the will of Jacob Grathwohl, material to this appeal, is as follows: "First, after all my lawful debts and funeral expenses are paid and discharged, the residue of my estate, both real and personal, which I own or possess at the time of my decease, I give and bequeath to my beloved wife Margaret for her sole use and benefit during her natural life, and I do hereby authorize and empower her to lease, sell, give and devise the whole or any part thereof, as also to convey title to real estate as may seem proper to her, and after her decease the residue or remainder, if any there

should be, shall be distributed by my hereinafter named executor as follows, to wit."

The material part of the will of Margaret Grathwohl is as follows : "After the payment of my funeral charges, the expenses of administering my estate and my lawful debts, I give, devise and bequeath my property as follows;" thence follow gifts to each of her five brothers and sisters in equal shares.

The case discloses the fact that Margaret had kept a bank account in the Erie County Savings Bank which was opened in the year 1855, against which, by her direction, her husband drew as well as herself, and he also made deposits therein to her account. The only bank account of these two persons was kept in Margaret's name. After Jacob's death Margaret opened an account with this bank as executrix, drawing from her individual account the sum of $1,218 and putting it into the account of the estate. This last named account was opened in February, 1874, and was closed in 1882 by transferring the balance thereof back into Margaret's individual account. Margaret also collected all of the moneys due the estate of Jacob, the greater portion of which was transferred to her own name, though a few notes and mortgages were renewed by her and remained in Jacob's name at her death. She died in the month of April, 1883. She owned no real estate aside from the house and lot above mentioned, which stood in the name of her husband at the time of his death.

The right of the plaintiff to recover depends primarily upon the construction to be placed upon the will of Jacob Grathwohl. There seems not to have been given to Margaret, by the terms of Jacob's will, an absolute power of disposal; but, on the contrary, there appear qualifying words, such as "for her sole use and benefit during her natural life." There is, besides, a complete bequest and devise over to certain persons named, of all the property, both real and personal, which should remain undisposed of at the time of the death of Margaret. These qualifying words and the clear devise and bequest of the remainder which should be left at the death of Margaret, indicate with reasonable certainty that the intention of the testator was to give his wife a life estate only in the property, unless she disposed of the same during her lifetime, or provided for such disposition by the terms of a last will and testament. The language

of the will is significant: "And, after her decease, the residue or remainder, if any there should be, shall be distributed," etc. It is true that the word "devise" here used commonly applies to the gift of real estate, but not always. It is frequently used in the same sense as "bequeath," and, among unprofessional persons, applies to all kinds of property, real, personal and mixed.

Having been given the power to dispose of her husband's estate by will, the next question is, whether or not, by the instrument already mentioned, she has succeeded in so disposing of it as to deprive the plaintiff of any rights as a remainderman, or otherwise, under the will of Jacob. The provision of the Revised Statutes applicable to this case is as follows: "Lands embraced in a power to devise, shall pass by a will purporting to convey all the real property of the testator, unless the intent that the will shall not operate as an execution of the power shall appear expressly or by necessary implication." (1 R. S., 737, § 126.) Under this statute it required no special mention of the property which she had received under her husband's will in contradistinction to the property which she held as a separate estate at the time of her husband's death. In the cases of *Bolton* v. *De Peyster* (25 Barb., 539) and *White* v. *Hicks* (43 id., 64) the language of the wills was of a most general character, as in this case, and it was held that such wills were effective as an execution of a power to pass property by will. There is not observable in the case any evidence from which an intent on the part of Margaret is disclosed not to devise and bequeath all of the property which she could so devise or bequeath. By her will she had directed the payment of the expenses of her funeral and of the administration of her estate, and of all her lawful debts, and then devised and bequeathed all of her property. The case in this respect strongly resembles that of *Mott* v. *Ackerman* (92 N. Y., 549), where general words of gift in a will were held sufficient to convey all the property and rights capable of being disposed of by will.

The judgment appealed from should be affirmed.

DWIGHT, P. J., concurred; CORLETT, J., not voting.

Judgment affirmed, with costs.