LOUIS DEAN SPEIR, as Executor, etc., of CHARLES W. WHEELER, and Successor Trustee under the 1900 Trust Deeds, Plaintiff, v. ROSALIE WHEELER BENVENUTI and Others, Defendants.

Second Department, January 14, 1921.

Trusts — trust deed of New York property executed in 1900 to pay income and profits with remainder over on death of beneficiary to trustee or in case of his death to persons designated by him or to his heirs — agreement entered into in 1905 by parties not effective to change terms of trust — same rule applicable to similar trust deed of New Jersey property — term " heirs at law " according to statutes of New York as words of purchase constituting heirs contingent remaindermen.

A deed of trust executed in 1900 by a wife to her husband to collect the rents and profits and pay the same to their daughter during her life, with remainder, upon her death, to the husband if then alive and if he was not then alive to those whom he might designate in his will, or in default of such designation to the person or persons who at that time shall be his heir or heirs at law according to the statutes of this State then in force, per stirpes, was not affected by an agreement entered into in 1905 between the several parties whereby it was attempted to change the terms of the trust by providing that it should terminate upon the death of the husband if the wife, from whom he was divorced, " shall have remarried or be not then living," and on the termination the principal should go to the daughter if living, or if she be then dead to her issue surviving, or in event that neither the daughter nor her issue be living then to the husband or in case of his death to the persons designated in his will or in default of designation to his heirs and legal representatives, for the conditions did not exist which authorized the termination of the trust under section 83 of the Real Property Law of 1896.

While that part of the trust agreement, which was created by a similar deed of New Jersey property, might be terminated by the agreement of all the parties in interest under the rule at common law, which it will be presumed is the same as the New Jersey law, still this could be done only by an agreement of all the parties who had an indefeasible title to the entire estate, and, therefore, as the interest of the husband in the remainder was defeasible upon his death before the death of the daughter, the conditions did not exist authorizing a termination of the trust agreement.

The words in the trust agreement conveying the New Jersey property limiting the estate to the husband and in case of a failure of designation

to his " heir or heirs at law according to the statutes of the State of New York then in force, *per stirpes*," are words of purchase and not of limitation, and they created a contingent remainder in such persons as should be the heirs of the husband.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Louis Dean Speir*, for the plaintiff.

*Sidney P. Henshaw*, for the defendant Rosalie Wheeler Benvenuti.

*Louis Connick*, for the defendant trustees.

*Edwin C. Mulligan*, for the defendant the Salvation Army.

*Joseph T. Ryan*, for the defendant the New York Catholic Protectory.

BLACKMAR, J.:

Charles W. Wheeler and Lucy Maud Wheeler were husband and wife. They were divorced in March, 1900. The decree of divorce made no provision for alimony or the custody and support of their child, Rosalie; but immediately thereafter an agreement, dated March 29, 1900, was made between the parties upon this subject. Pursuant to the terms of such agreement on the twenty-ninth day of March Lucy Maud Wheeler conveyed to Charles W. Wheeler certain real property in New York State as trustee to collect the rents and pay them to their child, Rosalie, during her life, with remainder, upon her death, to Charles W. Wheeler if then alive; if not, to those whom he might designate in his will, or, in default of such designation, to his heirs. The deed contained a power of sale with authority to invest the proceeds. There was a provision for a substituted trustee in case of the death of Charles W. Wheeler, and it reserved to Lucy Maud Wheeler an annuity of $150 a month so long as she should live unmarried. On the thirtieth of March J. Warren Greene conveyed a parcel of real property in the State of New Jersey to Charles W. Wheeler upon the same trust as that contained in the deed of the New York property, except that there was not therein a reservation of an annuity to Lucy Maud Wheeler.

On the 21st day of June, 1905, an agreement was made between Charles W. Wheeler, Lucy Maud Wheeler and Rosalie Wheeler, which is the cause of the controversy in this case. This agreement purported, among other things, to change the term of the trust created by the deeds from Lucy Maud Wheeler and from J. Warren Greene to Charles W. Wheeler. It is enough for the purpose of this opinion to say that the agreement provided that the trust should terminate upon the death of Charles W. Wheeler if Lucy Maud Wheeler " shall have remarried, or be not then living." It provided that on the termination of the trust the principal of the trust fund should be transferred, set over and delivered to Rosalie if living, or if she be then dead, to her issue surviving, share and share alike, or in the event that neither Rosalie nor her issue should be living at the time the trust should terminate, then to Charles W. Wheeler, or in case of his death to the persons named in his will, or in default of a will, to his heirs and legal representatives. Lucy Maud Wheeler remarried on August 1, 1905, and thereupon her interest in the property ceased.

Charles W. Wheeler died on the 24th day of May, 1919, leaving a will which, after certain bequests, devised and bequeathed his property to his executor, the plaintiff herein, in trust to pay the income to his daughter Rosalie for her life; and upon her death, two-thirds to the Salvation Army and one-third to the New York Catholic Protectory.

Rosalie Wheeler, on November 1, 1917, being then in London, executed to John Venning and Oswald Eric Tattersall as trustees a deed of trust, which if valid conveyed to them her interest, if any, in the property acquired by the agreement of 1905. Upon the death of Charles W. Wheeler, if the agreement of 1905 was effective to change the terms of the trust deeds, Rosalie Wheeler or her grantees, John Venning and Oswald Eric Tattersall, as trustees, became entitled to the principal of the trust fund. Doubts having arisen as to the competency of the agreement of 1905 to change the terms of the trust or the devolution of the remainder, this controversy is submitted to the court by all living parties in interest, with the prayer that their rights be determined and that the plaintiff be instructed as to his duty in the premises. In

the interests of brevity, I have given the substance and not the letter of the material parts of the deeds, contract and will.

The primary question in the case is the effect of the agreement of 1905 upon the trust and remainder created by the deeds of 1900. I shall first consider its effect upon property lying in the State of New York. The deed created an express trust for the benefit of Rosalie during her life, with remainder granted in the following language: " Upon the death of my said daughter to transfer and convey or cause to be transferred and conveyed all of said real estate or the securities and property in which its proceeds may be invested, together with all moneys then in the hands of the trustee or trustees to said Charles W. Wheeler, if he be then living, or if he be not living to such person or persons as he shall designate in his last Will and Testament or if he shall not make such designation by last Will and Testament to the person or persons who at the time of his death shall be his heir or heirs at law according to the statutes of the State of New York then in force,— *per stirpes.*" Such a trust, although terminable by the parties thereto according to the rules of the common law, is, by the Revised Statutes of this State, adopted in 1830, inalienable and indestructible by the act of the parties.* By chapter 452 of the Laws of 1893 the Revised Statutes were in this respect amended so as to permit a termination of such trust by the act of the parties under certain conditions. By section 83 of the Real Property Law of 1896† the law of 1893 was again amended so as to read as follows: " The right of a beneficiary of an express trust to receive rents and profits of real property and apply them to the use of any person, can not be transferred by assignment or otherwise; but the right and interest of the beneficiary of any other trust may be transferred. Whenever a beneficiary in a trust for the receipt of the rents and profits of real property is entitled to a remainder in the whole or a part of the principal fund so held in trust subject to his beneficial estate for a life or lives, or a shorter term, he may release his interest in such rents and profits, and thereupon the estate of the trustee shall cease in that part of such principal fund to which such beneficiary has become entitled in remainder, and such trust

---

* See 1 R. S. 730, § 63.— [REP.

† Gen. Laws, chap. 46 (Laws of 1896, chap. 547), § 83.— [REP.

estate merges in such remainder." This was the law in force at the time of settling the trust by the deed of March 29, 1900. Under this provision, if Rosalie Wheeler became the owner of the remainder in the trust estate, or a portion thereof, it would have been competent for her to release her trust interest, and the trust estate would thereupon merge in the remainder and she would become entitled to the whole estate.

The above section of the Real Property Law of 1896 was again amended by chapter 88 of the Laws of 1903 to read as follows: " The right of a beneficiary of an express trust to receive rent and profits of real property and apply them to the use of any person, can not be transferred by assignment or otherwise, but the right and interest of the beneficiary of any other trust in real property may be transferred." By section 2 of the act it was provided that " The provisions of this act shall not impair or affect any rights existing at the date of its passage; but the act hereby amended shall have the same force and effect with respect to such existing rights as though this amendatory act had not been passed."

After the enactment of this law of 1903 trust estates became once more inalienable and indestructible by the acts of the parties except that the rights of parties to a trust existing at the date of the passage of the act were not affected thereby. It is claimed that under this proviso the agreement of 1905 between the parties interested in the trust created by the deeds was effective to change the terms of the trust.

It will be noted that at the time of the enactment of the statute, chapter 88 of the Laws of 1903, Rosalie Wheeler was not entitled to a remainder in the whole or a part of the principal fund held in trust. At that time she did not fall within the terms of the provisions of section 83 of the Real Property Law; and it is claimed that, therefore, the reservation of the existing rights did not authorize the subsequent destruction or change of this trust. On the other hand, it is claimed that as the parties to the trust deed had, at the time of the enactment of the Laws of 1903, a right to execute a contract which would vest the remainder in Rosalie and thus equip her to discharge the trust, such right persisted and could be exercised thereafter in accordance with the proviso in the statute of 1903 reserving rights existing at the date of its passage.

I do not consider it necessary to decide this question, for, as Charles W. Wheeler did not when the contract of 1905 was executed have an indefeasible estate in remainder, he could not convey such an estate to Rosalie so as to make her the owner of both the beneficial estate in the trust and of the remainder, and, therefore, competent to destroy the trust. Under the deeds of 1900, Charles W. Wheeler had at the most a remainder defeasible on his death before Rosalie. In case of such death the remainder would then vest in the persons appointed to receive the same under his will, or, in default of a will, in his heirs, who take a contingent remainder by purchase under the trust deed and not as heirs of Wheeler. (Real Prop. Law, § 54.)* When, therefore, the contract of 1905 was made, which, it is claimed, is equivalent to a conveyance of the remainder by Charles W. Wheeler to Rosalie, and a destruction of the trusts of the 1900 deeds by Rosalie under the rights preserved by the act of 1903, Charles W. Wheeler, not being the owner of the remainder, could not convey the same to Rosalie. In fact, Charles W. Wheeler died in May, 1919; and upon his death any interest that he had in the remainder of the trust fund under the trust deed of 1900 terminated and vested in the substituted trustee and the devisees and legatees under the will. The agreement of 1905 was, therefore, not competent to change the terms of the trust because the conditions did not exist which authorized the termination of the trust. For the same reason neither Rosalie Wheeler nor her grantees in the trust deed of 1917 are the owners of the remainder of this trust property. The only estate in the remainder which Charles W. Wheeler could convey to his daughter Rosalie was defeated by his death during her lifetime.

The conclusion that I reach makes it unnecessary to examine the validity of the trust deed executed in London by Rosalie Wheeler to John Venning and Oswald Eric Tattersall as trustees. These trustees do not take, because, even if the agreement of 1905 was effective to transfer to Rosalie any interest that her father had in the remainder, such interest

* Consol. Laws, chap. 50 (Laws of 1909, chap. 52), § 54; re-enacting Gen. Laws, chap. 46 (Laws of 1896, chap. 547), § 44.— [REP.

has already been defeated by the death of her father during her life.

I think the same reasoning applies to the trust created by the deed of the New Jersey property. The presumption is that the law of the State of New Jersey is the common law. By such law a trust to receive the rents and profits and apply them to the use of the parties might be terminated by the agreement of all the parties in interest. (2 Perry Trusts [6th ed.], § 920.) But this can be done only by agreement between the parties who had an indefeasible title to the whole estate. In this case Charles W. Wheeler's interest in the remainder was defeasible upon his death during the lifetime of Rosalie. The provision in the deed of the New Jersey property, which disposes of the remainder, provides that if Wheeler " be not living to such person or persons as he shall designate to receive the same in his last will and testament or if he shall not make such designation by last will and testament to the person or persons who at the time of his death shall be his heir or heirs at law according to the statutes of the State of New York then in force *per stirpes.*"

Under the rule in *Shelley's Case* (1 Coke, 219), if the limitation had been to Wheeler, or in case of his death to appointees under his will, or in default of appointment to his heirs, I conclude that he would have had a fee in the property, as the word " heirs " would be a word of limitation and not purchase, whereas the wording of the deed is to his " heir or heirs at law according to the statutes of the State of New York then in force *per stirpes.*" These words cannot be held to describe the heritable quality of the estate; they are words describing a class, *i. e.*, persons who shall be heirs under the laws of a foreign State, and are, therefore, words of purchase and not limitation. They created a contingent remainder in such persons as should be the heirs of Charles W. Wheeler according to the laws of the State of New York in case of his death during the life of his daughter. (*Peer* v. *Hennion,* 77 N. J. L. 693.)

Judgment should be entered that the rights of the parties are governed by the trust deeds of the year 1900, and directing the plaintiff to continue to administer the trusts as therein contained, and upon the death of Rosalie Wheeler Benvenuti to take such steps as may be necessary to vest the remainder

in the parties designated by the last will and testament of Charles W. Wheeler, deceased, with costs to all the parties payable out of the fund.

JENKS, P. J., MILLS, KELLY and JAYCOX, JJ., concur.

Judgment ordered that the rights of the parties are governed by the trust deeds of the year 1900, and that plaintiff be directed to continue to administer the trusts as therein contained, and upon the death of Rosalie Wheeler Benvenuti to take such steps as may be necessary to vest the remainder in the parties designated by the last will and testament of Charles W. Wheeler, deceased, with costs to all parties payable out of the fund in accordance with the terms of the submission. Settle judgment before Mr. Justice BLACKMAR.