LOUIS DEAN SPEIR, as Executor, etc., of CHARLES W. WHEELER, Deceased, etc., Plaintiff, *v.* ROSALIE WHEELER BENVENUTI and Others, Defendants.

Second Department, June 24, 1921.

Wills — construction — power of appointment — property situated in New York held under deed of trust for benefit of child of trustee for life with power in trustee to designate remainderman — power exercised by devise of all of trustee's property to child for life and remainder to third persons — Real Property Law, § 176, applied — power not exercised as to property situated in New Jersey.

Property situate in New York was transferred to the testator in trust for the benefit of his daughter during her life with remainder upon her death to the trustee if then alive; if not, to those whom he might designate in his will or, in default of such designation, to his heirs. The trustee, who was possessed of other property, devised all his property in trust for the benefit of his daughter with remainder over to third persons (194 App. Div. 769).

*Held,* that under section 176 of the Real Property Law, providing that " Real property embraced in a power to devise passes by a will purporting to convey all the real property of the testator, unless the intent that the will is not to operate as an execution of the power, appears, either expressly or by necessary implication," it is only where the will permits of no other interpretation that it can be said that the intent that the will is not to operate as an execution of the power appears by necessary implication.

The provision in the will for a trust for the life of the child is necessarily confined in its operation to the testator's own property and the power of appointment operates only on the remainder in the trust property after the child's death.

The necessary implication of intent not to exercise the power must appear in the will itself and resort cannot be had to extraneous instruments to determine the question, and so the fact that at the time the will was executed there was in existence an agreement purporting to change the original trust agreement so as to nullify the portion of that agreement reserving a power of appointment is not controlling.

In reference to that portion of the trust property situated in New Jersey, it must be presumed that the common law prevails in New Jersey and under the rules thereof a power of appointment is not competently exercised unless the will expresses an intention to exercise it, although it is not necessary that the power be referred to; accordingly the power was not exercised as to the New Jersey property and it did not pass to the remaindermen but under the deed of trust vested in the heir at law.

REARGUMENT of the submission of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Louis D. Speir,* for the plaintiff.

*Sidney P. Henshaw,* for the defendant Rosalie Wheeler Benvenuti.

*Edwin C. Mulligan,* for the defendant the Salvation Army.

*Joseph T. Ryan,* for the defendant New York Catholic Protectory.

BLACKMAR, P. J.:

The facts are stated in the prior opinion (194 App. Div. 769.) The argument when the case came on before was primarily directed to the question whether the agreement of 1905 was competent to change the terms of the trust and the devolution of the remainder under the deed of 1900. The opinion dealt principally with that question. Whether the will of Charles W. Wheeler executed the power of appointment contained in the deed of 1900, although suggested, was not argued by any of the parties. A motion for a reargument was granted (196 App. Div. 905) to permit that question to be fully argued.

It is claimed by counsel for Rosalie Wheeler Benvenuti that the power of appointment was not exercised by the will of Charles W. Wheeler, deceased, and that, therefore, the

remainder after her life estate vested in her by virtue of the provisions of the trust deed as heir-at-law " according to the statutes of the State of New York then in force *per stirpes*."

Section 176 of the Real Property Law is as follows: " Real property embraced in a power to devise passes by a will purporting to convey all the real property of the testator, unless the intent that the will is not to operate as an execution of the power, appears, either expressly or by necessary implication."

As the will of Charles W. Wheeler purported to convey all his real property, it was an execution of the power of appointment unless the intent not to execute the power appears either expressly or by necessary implication. There is no pretense that such intent appears expressly, and the argument of counsel is that it appears by necessary implication. The word " necessary " must be given its full meaning. As was said in *Lockwood* v. *Mildeberger* (159 N. Y. 186), referring to this very provision of the statute: " Necessary implication results only where the will permits of no other interpretation. Necessary is defined to mean: ' Such as must be;' ' Impossible to be otherwise;' ' Not to be avoided;' ' Inevitable.' The intent not to execute the power, therefore, must not be implied unless it so clearly appears that it is not to be avoided." It is claimed that the intent not to execute the power of appointment appears by necessary implication, because the provision of the will creating a trust for the benefit of Rosalie Wheeler Benvenuti for life duplicates the provision in the deed; and that it is manifestly absurd to create a trust for the life of Rosalie in a remainder after her death. But the will is not confined to the exercise of the power of appointment, but disposes of much other property. Neither is it confined to creating a trust for Rosalie, but disposes of the corpus of the estate after her death. As to the testator's own property the will conforms the devise for the daughter's life to the provisions of the deed. The power of appointment operates only on the remainder after the daughter's death. It is the same as if the will on its face limited the power of appointment to the remainder of the trust created by the deed of 1900, after the death of the daughter. As the will purports to dispose of all testator's property, the law steps in and declares

that such disposition operates as an execution of the power of appointment. As under the deed of trust the power of appointment applies only to the remainder after the death of Rosalie, so the will executed it only as to such remainder. The provision in the will for a trust for the life of the daughter Rosalie is necessarily confined in its operation to testator's own property.

It is further claimed that a consideration of extraneous matters may determine the question whether the power of appointment was exercised. As the testator joined in the agreement of 1905, which purported to change the provisions of the deed of 1900 so as to give the remainder of the trust property to his daughter Rosalie and to nullify that portion of the deed of 1900 which reserved to Charles W. Wheeler the power of appointment, the argument is that he believed that the power of appointment was no longer in existence, and, therefore, did not intend to exercise it. For two reasons this conclusion is not approved. The first is that the necessary implication of intent not to exercise the power must appear in the will itself and resort cannot be had to extraneous instruments to determine the question. The second is that, although at the time of the execution of the agreement of 1905 the testator evidently believed that the power of appointment was done away with, yet it does not necessarily follow that he had that belief at the time the will was executed in 1918. *Non constat,* he may have been advised that the agreement of 1905 was ineffective to change the terms of the deed of 1900; and although at the time of the execution of the agreement of 1905 he marked the deed of 1900 canceled, nevertheless the agreement of 1905 was never recorded. The conclusion which we reach is that it does not appear by necessary implication that the testator did not intend to exercise the power of appointment.

A different result, however, seems to follow in the case of the New Jersey property. This property has to a great extent been sold and the avails have come into the hands of the trustee. But the trust deed of this property provided that a sale should not work a conversion thereof into personal property, but the proceeds of such real estate, when so sold, should continue to be real property for the purposes of the

trust and of the distribution thereof. The question is before us, for the judgment to be pronounced will act by directing the trustee, who is within our jurisdiction, and not directly upon the land itself. We must presume that the common law prevails in the State of New Jersey and decide accordingly. As pointed out in the previous opinion, although a trust to receive the rents and profits of land and apply them to the use of parties might be terminated by agreement of all the parties in interest, yet all the parties in interest did not unite in the agreement of 1905, for the contingent remaindermen were not present, and it may also be noted that the nominal settlor of the trust was not a party to the agreement. Under the common law a power of appointment is not competently exercised unless the will expresses an intention to exercise it, although it is not necessary that the power be referred to in the will. (*White* v. *Hicks*, 33 N. Y. 383.) I find no intent expressed in the will to exercise the power. According to the rules of common law the power was not exercised, and the New Jersey property, not passing under power of appointment, is vested in the heir-at-law according to the statutes of the State of New York by the provisions of the deed which are operative in case the power of appointment is not exercised. Rosalie Wheeler Benvenuti, as the only heir-at-law of her father, takes the remainder in the New Jersey property by purchase under the provisions of the trust deed of 1900.

Judgment directed to be entered in accordance with the opinion on the former argument as modified by this opinion on reargument.

MILLS, PUTNAM, KELLY and JAYCOX, JJ., concur.

Judgment directed to be entered in accordance with the opinion on the former argument, as modified by the opinion of BLACKMAR, P. J., on reargument. Settle order on notice before the presiding justice.