In the Matter of the Construction of the Last Will and Testament of FANNY L. FLEWWELLIN, Deceased.

Surrogate's Court, Westchester County, January, 1924.

**Wills — construction — when bequest deemed to operate as execution of power of appointment given testatrix by the will of her father — when property over which power of appointment operated passed to husband of testatrix as legatee and devisee.**

Whatever language a testatrix may employ, as long as it purports to pass all her real estate, section 176 of the Real Property Law operates upon and declares it shall likewise pass real property embraced within a power of appointment.

The father of the testatrix herein left him surviving said daughter and three grandchildren. The rest, residue and remainder of his estate, consisting solely of real property, was given to his executors in trust to pay certain legacies, which have been paid, and then to pay all the rents, issues and profits of the estate to his said daughter during her life. At her death all of his estate not otherwise disposed of by his will was devised and bequeathed to the children of said daughter. In the event that she died leaving no child or children, in addition to legacies to testator's sister and to two of his grandchildren, he gave to each of them another legacy, and his will continued: " Provided my said daughter die without leaving any child or children living, as to the remainder of my estate not otherwise disposed of, I authorize and direct my said daughter to dispose of by will and to give, devise and bequeath the same in her will to such person or persons as she may desire the same as if it were her own absolute estate." The testator's daughter, the decedent herein, died leaving her surviving no issue of the blood and possessed only of personal property. About three years before her death she and her husband, in a sister state, adopted a boy now seventeen years of age. Held, that a clause of her will by which she gave all the rest, residue and remainder of her personal and real estate of every kind and nature whatsoever of which she might die seized to her husband, his heirs and assigns, operated as an execution of the power of appointment given to her by the will of her father, and that the property over which said power of appointment operated passed to the husband of the testatrix as legatee and devisee.

PROCEEDING to construe a will.

*Edgar L. Ryder* (*Charles Wesley*, of counsel), for executor.

*Thomas G. Barnes* (*William X. Weed*, of counsel), for Margaret V. Church.

*David Topp*, special guardian.

SLATER, S.  This construction proceeding involves the will of the decedent, and also the will of her father, John Vance. John Vance died in 1885 leaving a last will and testament which was admitted to probate in the county of Westchester. He left him surviving his daughter, Fanny L. Vance, later Fanny L. Flewwellin, and William B. Vance, Louise C. Vance and Margaret Vance

Church, grandchildren.   By the 3d paragraph of the will of John Vance the rest, residue and remainder of the estate was given to the executors, in trust, to pay certain legacies, which legacies have been paid, and thereafter to pay all the rents, issues and profits of the estate to the daughter, Fanny L. Vance, during the term of her natural life.   The other paragraphs of the will I will quote in full:

"*Sixth.* After the death of my daughter Fannie L. Vance, I give, devise and bequeath to the children of my said daughter all my estate, both real and personal not hereinbefore disposed of.

"*Seventh.* In case my daughter, Fannie L. Vance, should die leaving no child or children, then and in such case in addition to the legacies heretofore given to my sister, Annie Brewster and my grand children William B. Vance and Louise C. Vance I give, to my said. sister Five Hundred Dollars and to my said grand children each One Thousand Dollars.

"*Eighth.* Provided my said daughter die without leaving any child or children living, as to the remainder of my estate not otherwise disposed of, I *authorize and direct my said daughter to dispose of by will and to give, devise and bequeath the same in her will to such person or persons as she may desire the same as if it were her own absolute estate.*"

The estate of John Vance, over which the power of appointment has sway, consists entirely of real property.

Fanny Vance Flewwellin died in April, 1923, leaving a last will and testament dated May 25, 1898, admitted to probate in Westchester county September 28, 1923, without leaving her surviving any child or children of her blood.   However, in the year 1920 in the state of Florida, she together with her husband, Charles H. Flewwellin, adopted a boy since known as John Flewwellin, who is now of the age of seventeen years.   She was seized of real property at the date of her will, but was not seized of real property at the time of her death.   She died possessed of certain personal property. The following is the 3d paragraph of her will:

"*Third. All* the rest, residue and remainder of my personal and real estate of every kind and nature whatsoever of which I may die seized, I give, and bequeath to my husband, Charles H. Flewwellin, his heirs and assigns."

The question involved is whether the will of the testatrix operated as an exercise of the power of appointment given to her by the will of her father, John Vance.

It is admitted by all of the counsel that the adopted child is an afterborn child within the meaning of section 26 of the Decedent

Estate Law, and further that such adopted ch ld does not take under the will of John Vance. *Matter of Leask*, 197 N. Y. 193; *Bourne* v. *Dorney*, 184 App. Div 476; affd., 227 N. Y. 641; *Matter of Rhoda E. Hoyt*, 120 Misc. Rep. 188; Dom. Rel. Law, § 114.

Statutes have been enacted which provide in substance that a general devise or bequest shall be considered to include any estate over which the testator had power to appoint as he might think proper and shall operate as an execution of such power. In New York state this presumption has been placed in the statute law and is found in section 176 of the Real Property Law, as follows: " When devise operates as an execution of the power. Real property embraced in a power to devise passes by a will purporting to convey all the real property of a testator, unless the intent that the will is not to operate as an execution of the power, appears, either expressly or by necessary implication." A similar statute affects personal property (Pers. Prop. Law, § 18).

There are numerous cases holding that wills purporting to dispose of all the testatrix's property operate as an execution of the power of appointment. The only safe rule for discriminating between mere conjecture and the contrary intent required by the statute is to inquire whether there is anything in the will inconsistent with the notion that the residuary bequest is meant to operate as an execution of the power. " Necessary implication " under a statute results only where the will permits of no other interpretation. Therefore, the intent not to execute the power must not be implied unless it clearly appears that it is not to be avoided. The counsel for Margaret Vance Church contend that the words " *of which I may die seized,*" used in the 3d paragraph of the will of the testatrix, are words of intended limitation, relating only to property possessed by her in her own right; that it was the intent of the testatrix that her will was not to operate as an execution of the power of appointment given to her in her father's will; that the " necessary implication " mentioned in the statute results from the use of the words " of which I may die seized." With this contention the court cannot agree.

Among the tests of intended execution of a power of appointment by will are the following: *First*, where there has been some reference under the will to the power. *Second*, where there is a reference to the property which is the subject of which it is to be executed. *Third*, where the provision of the will executed by the donee of the power would otherwise be ineffectual, or a mere nullity. In other words, where it would have no operation except as an execution of the power. The will speaks as of the time of the death of the testatrix. *Matter of Tompkins*, 154 N. Y. 634; *Hirsch* v. *Bucki,*

162 App. Div. 659, 664, 665; *Matter of Gorges*, 120 Misc. Rep. 171. At the death of the testatrix she was not seized of real property, and the provision of the 3d paragraph of her will would be ineffectual, or a mere nullity as to real property, if it did not apply to the execution of the power of appointment. The meaning and legal effect of the will so far as real estate is concerned cannot be satisfied without treating it as an execution of the power. *White v. Hicks*, 33 N. Y. 383, 392; 1 Jarman Wills, 634, 635; Sugden Powers, 357; *Blagge v. Miles*, 1 Story, 426, opinion by Mr. Justice Story.

In *McLean v. McLean*, 174 App. Div. 152, 159, the court said: " This result seems to be sufficiently supported without adverting to the additional fact that the testator had no other property, as appears by the transfer tax affidavit, as well as by accounts of his estate as filed, in which situation the courts sometimes have inferred from absence of property that such a power was necessarily the one and only object on which a residuary bequest could operate." *New York Life Ins. & Trust Co. v. Livingston*, 133 N. Y. 125.

It will be observed that the 8th paragraph of the will of John Vance *directs* the daughter to dispose of his property *by will* and " to give, devise and bequeath the same in her will to such person or persons as she may desire the same as if it were *her own absolute estate*." In conformity to this direction Mrs. Flewwellin, by the 3d paragraph of her will, used the word " seized " as though the property to be appointed by her was " *her own absolute estate*." No set form of words was necessary to carry out the direction. She was directed in a particular way to appoint, *i. e.*, by will, and also directed in a distinct manner to appoint, *i. e.*, the same as if it were her own absolute estate. It was a general power to be exercised *by will*. Real Prop. Law, §§ 131, 134. And when exercised it is construed as done by the donor of the power. The intent not to execute the power must not be implied unless it is so clear that it cannot be avoided. In the instant case the intent not to execute the power cannot be implied. *Lockwood v. Mildeberger*, 159 N. Y. 181; *Speir v. Benvenuti*, 197 App. Div. 209; *Hirsch v. Bucki*, 162 id. 659. The intention to execute the power in compliance with the authority of the father's will is apparent. The transaction is not clearly susceptible of any other interpretation.

There is no basis for a necessary implication that it was not her intent. The law says that property embraced in a power shall pass by a will *purporting* to convey all the estate of the testator. The will in the instant case *purports* to convey all the estate. Consequently, the statute " steps in and sends the property subject to the power in the same direction as that in which the testatrix had sent her own property."

The 3d paragraph of the will of the testatrix is in effect a general residuary clause. There are no such inconsistencies in other parts of the will as would exclude the inference by statute that through this residuary clause the power was exercised. *Maynard* v. *Maynard,* 108 Misc. Rep. 362, 365. The intent is presumed; the contrary intent must appear. The words utilized to convey the property of the testatrix cannot be laid hold of to provide the " necessary implication," and thereby destroy the purpose of the statute. The words of gift by the testatrix purport to convey her property and the statute, because of the words, executes the power. Those who urge the failure to appoint must look to other parts of the will for support. Section 14 of the Decedent Estate Law provides that " every will that shall be made by a testator, in *express terms,* of all his real estate, or *in any other terms* denoting his intent to devise all his real property, shall be construed to pass all real estate, which he was entitled to devise, at the time of his death."

Certainly, the words used by the testatrix in the instant case in express terms denote her intent to devise her real estate.

Whatever language a testator may employ, as long as it purports to pass all his real estate, section 176 of the Real Property Law operates upon and declares it shall likewise pass real property embraced in a power of appointment. This section of the positive law is charged with a vital power. It is the legal fulcrum used to vault the estate of the donor to the devisee of the donee's own property. Usual words of gift, suitable to pass a person's own estate, like " my property," " all my estate," " the estate of which I may die seized," permit the statute law to operate upon the power. The positive law declares what shall be the force of the words of gift of a person's own estate with reference to property over which the power operates. Like words cannot be construed to mean one thing with regard to the property of the testatrix, and another thing with regard to the property of the donor. The same words cannot be comprehensive to devise land of the testatrix, and limited with regard to the real property over which she held a power of appointment. The contention of Margaret Vance Church would destroy the command of the statute. The law chose no words which the testatrix need use. The law is satisfied if the words used denote the intent to convey all her own property. No particular form of words is necessary to create an express gift or devise where the intent of the will maker is unmistakable. The word " seized " as used in the 3d paragraph neither adds to nor limits the residuary clause. Either with or without it the paragraph would purport to convey all the real property

of the testatrix. The use of the words " of which I die seized " in no wise reflects an intention not to execute the power and no necessary implication follows from its use. " Necessary is defined to mean: ' Such as must be; ' ' Impossible to be otherwise; ' ' Not to be avoided; ' ' Inevitable.' " *Speir* v. *Benvenuti, supra.*

There is no difference in the effect of a gift where the testator used the words " I give, devise and bequeath *my property*," and where the testator used the words, " All the rest, residue and remainder of *my* persona and real property of every kind and nature whatsoever of which *I may die seized*." There is not observable, in either case, any evidence from which an intent is disclosed not to devise and bequeath al of the property which one could devise and bequeath. *Kibler* v. *Miller*, 57 Hun, 14; affd., 141 N. Y. 571; *Mott* v. *Ackerman*, 92 id. 539, 542. A gift employing such words as " my estate," or property " of which I may die seized " are usual and comprehensive words of gift by wh ch the statute operates to vest the father's property in the instant case in the devisee of the testatrix.

I shall hold that the 3d paragraph of the will of the testatrix includes any estate over which she had power to appoint, and operates as an execution of such power; that there is no intent that the will is not to operate as an execution of the power by necessary implication; that the property over which the power operated passes to Charles H. Flewwellin, the legatee and devisee named in the 3d paragraph of the will of the testatrix.

Decreed accordingly.