In the Matter of the Estate of SARAH H. PALMER, Deceased.

Surrogate's Court, New York County, January 24, 1935.

*Franklin W. Morell*, for the trustees.

*Joseph P. Brennan*, special guardian.

*Frederick W. McGowan*, for the National Surety Corporation.

*Alfred C. Bennett*, for the Superintendent of Insurance of the State of New York, as liquidator of the Lloyds Insurance Company of America.

DELEHANTY, S. On this trustees' accounting a construction of the will is sought, particularly with respect to the validity of the exercise of a power of appointment granted by deceased's will to her son. The son died testate, a resident of another State. His

will makes no specific reference to the power of appointment but the tenor of his will requires the holding that he has exercised the power. · (Pers. Prop. Law, § 18; *Lockwood* v. *Mildeberger*, 159 N. Y. 181; *McLean* v. *McLean*, 174 App. Div. 152; affd., 223 N. Y. 695; *Matter of Mann*, 138 Misc. 42.) In determining the validity of the disposal of the property of deceased the wills of the donor and the donee of the power must be considered as if the dispositions of the appointed property made in the donee's will were added to the provisions in the donor's will. (*Hillen* v. *Iselin*, 144 N. Y. 365; *Fargo* v. *Squires*, 154 id. 250.)

One of the beneficiaries named in the donee's will was not in being at the donor's death. If the will of the donee operates to create a trust out of the appointed property for the benefit of this person, such provision must fail, though a trust established in the property of the donee would be valid.

The court should seek to preserve the plan of disposal of the property if that may lawfully be done. The whole scheme of this donee's will may be enforced and the disposition of the whole property saved from illegality if the appointed property and the donee's property are separately marshaled, and if the appointed property is applied to the debts of the donee and administration expenses of his estate. This procedure is supported by authority and in the case here for decision that rule will be applied. (*Fargo* v. *Squires, supra; Low* v. *Bankers Trust Co.*, 146 Misc. 480; affd., 241 App. Div. 731; *Matter of Terwilligar*, 135 Misc. 170; affd., 230 App. Div. 763; *Matter of Wickham*, 139 Misc. 729.)

The court is informed that the appointed property will be exhausted by payment of the items mentioned and hence that the entire scheme of disposal of the donee's own property may validly be carried into effect. If any party to the proceeding desires to have formal proof of the extent of the appointed property and of the charges against the donee's estate for debts and administration expenses and general legacies such proof will be taken. The parties may deem this unnecessary or may agree upon a stipulation as to the facts.

If no hearing on the point is asked, a decree may be submitted, on notice, construing the will and settling the account accordingly.