In the Matter of the Estate of ROBERT T. WOODWARD, Deceased.

Surrogate's Court, New York County, August 1, 1940.

*Larkin, Rathbone & Perry* [*Albert B. Maginnes* and *Arthur W. Siegrist* of counsel], for the Central Hanover Bank and Trust Company, as trustee, etc.

*Winthrop, Stimson, Putnam & Roberts* [*Francis L. Robbins, Jr.,* and *Walter P. Pfeiffer* of counsel], for the respondents.

*White & Case* [*Windsor B. Putnam* of counsel], for the New York Trust Company, as trustee of the last will and testament of Clara W. Morgan, deceased.

*Montgomery, Peabody, Grace & Derby*, for the New York Trust Company, as executor, etc., of Clara W. Morgan, deceased.

*Elmer F. Quinn*, special guardian for Robert W. Morgan, Jr., and Matthew Morgan, infants.

*Francis J. McCaffrey*, special guardian for Charles Morgan Smith, infant.

FOLEY, S. A question of construction is raised in this trustee's accounting. The testator created a trust for the benefit of his daughter for life and conferred upon her a general power to appoint the remainder. He further provided that if the daughter should fail to exercise the power, the fund created for her benefit should be divided among her issue. The testator died in 1879. His daughter died in 1939. Her will does not refer to the power of appointment but contains a general residuary clause. The residuary clause bequeaths one-third of the residuary estate to a son, another third in equal shares to the children of a deceased son and directs that the remaining one-third be held in trust for another son of the donee during life with remainder to his issue, *per stirpes*. The donee's son for whose benefit the trust is created by the residuary clause was not in being on the date of the death of the donor of the power.

Three specific questions are raised relating to the power of appointment.

(1) Whether the power of appointment extends to that portion of the fund accounted for which was formerly held in trust for the benefit of the widow of the testator?

(2) Whether the execution of a will containing a general residuary clause by the donee operates as an exercise of the power?

(3) Whether the attempted exercise of the power of appointment is wholly or partially invalid?

There is no dispute as to the first question. Obviously the donor intended to confer a power of appointment on his daughter as to the entire fund now accounted for.

The determination of the second question likewise presents no difficulty. Section 18 of the Personal Property Law provides that property embraced within a power passes by a will purporting to bequeath all the personal property of a testator unless an intent not to exercise a power by the will appears therein expressly or by necessary implication. The donee's will makes no reference to the power of appointment and purports to pass all of her personal property. No intention not to exercise the power of appointment can be found in the donee's will by implication. I hold, therefore, that the donee's will operates as an exercise of the power of appointment. (Pers. Prop. Law, § 18; *Low* v. *Bankers Trust Co.*, 270 N. Y. 143; *Guaranty Trust Co.* v. *Halsted*, 245 id. 447; *Speir* v. *Benvenuti*, 197 App. Div. 209; *Matter of Brown*, 169 Misc. 43.)

The determination of the third question as to partial invalidity of the exercise of the power depends upon the applicability or non-applicability of the doctrine of marshaling of assets. It is obvious that no portion of the appointive fund can be held in further trust for a person not in being at the date of the death of the donor of the power. Unless the doctrine of marshaling of assets is applicable partial invalidity will result. This doctrine is clearly stated in *Fargo* v. *Squiers* (154 N. Y. 250, 262): "The equitable rule is that where one claimant has two funds to which he may resort to answer his demand, and another claimant has an interest in only one of such funds, he can compel the former to take satisfaction out of the fund in which the latter has no lien, and this rule is applicable to legatees as well as creditors."

Those contending for partial invalidity in the exercise of the power rely on *Low* v. *Bankers Trust Co.* (270 N. Y. 143) and *Farmers' Loan & Trust Co.* v. *Kip* (192 id. 266). Neither of these cases is applicable here. In each of these cases the residuary clause operated as an attempted exercise of the power of appointment. In each case the entire residuary estate was directed to be held in trust. In each case a further trust of the appointive property would unduly suspend the power of alienation. The Court of Appeals

pointed out in each case that the appointive property must pass under the residuary clause and that there was no intention to deviate from the general rule that the debts and general legacies of the donee were primarily payable from the individual property of the donee. Thus the creditors and general legatees of the donee did not have two funds which could be resorted to for payment to them and the appointive fund was subject only to the provisions of the residuary clause.

No one contends here that the appointive property is applicable to the payment of the debts of the donee of the power or the general legacies provided for in her will. Here, however, the entire residuary estate is not directed to be held in trust. Two-thirds of the residuary estate is bequeathed outright. These outright residuary legatees have two funds to which they can resort for payment, (1) the appointive property and (2) the individual property of the donee. The appointive fund amounts to approximately $132,000. The gross personal estate of the donee amounts to $261,000. The estimated net of the individual property of the donee after payment of debts, funeral and administration expenses, general and specific legacies is approximately $185,000. In so far as estate taxes are concerned the donee of the power has provided that taxes on several small general legacies should be paid from the residuary estate. As to all other gifts under the will section 124 of the Decedent Estate Law is applicable and the taxes must be apportioned among the beneficiaries. It is clear that two-thirds of the residuary estate will more than exhaust the appointive fund. Accordingly, I hold that the doctrine of marshaling of assets is applicable and that the outright residuary legatees of the donee must first resort to the appointive fund for the payment of the one-third shares due them. (*Fargo* v. *Squiers*, 154 N. Y. 250; *Matter of Wainwright*, 248 App. Div. 336; *Matter of Terwilliger*, 135 Misc. 170; affd., 230 App. Div. 763; *Matter of Brown*, 169 Misc. 43; *Matter of Wickham*, 139 id. 729; *Maynard* v. *Maynard*, 108 id. 362.)

The exercise of the power of appointment does not, therefore, result in any invalidity.

Submit decree on notice construing the will and settling the account accordingly.