In the Matter of the Estate of LILLIA M. BEARNS, Deceased.

Surrogate's Court, New York County, January 4, 1945.

*Mitchell, Capron, Marsh, Angulo & Cooney* for City Bank Farmers Trust Company, as trustee of trust for the benefit of Valentine Tournier, petitioner.

*Benjamin T. Cooke* for Joseph H. Bearns, respondent.

*Walter Avery* for Chauncey L. Grant, as executor of Valentine Tournier, deceased, respondent.

FOLEY, S. In this trustee's final accounting a construction of the will is asked to determine the disposition to be made of the remainder of the trust which terminated on November 16, 1943, by reason of the death of Valentine Tournier, the life income beneficiary.

The testatrix died on September 26, 1924. Under the will of her father, Joseph H. Bearns, the testatrix had the right by will to appoint the remainder of a trust fund of which she was life income beneficiary. By the first paragraph of her will, the testatrix specifically refers to the power of appointment and declares that it is her intention to dispose of the property subject to the power as well as her individual property. In the second clause of the codicil to her will, the testatrix creates a trust of $10,000 for the benefit of Valentine Tournier for life and directs that on her death the fund is to be paid to her trustee

to be divided into two equal parts and added to the trusts established by the first clause of the codicil to her will. This latter clause gives the trustee $10,000 in trust to be divided into two equal parts and the income from the respective parts to be used for the benefit of Lillia M. Bearns and Eleanor J. Bearns, nieces of the testatrix. As each niece arrives at the age of twenty-five years, she is to receive the principal of her one-half share of the trust. There are provisions for gifts over in the event either niece dies before reaching the age of twenty-five years.

It is apparent that since the fund accounted for has already been held for the life of the testatrix under the will of her father and for the life of Valentine Tournier, it may not be held in further trust until the nieces reach the age of twenty-five years. To do so would violate the rule against perpetuities.

The trustee contends, however, that this invalid provision may be eliminated from the will and the gifts to the nieces sustained. Counsel for the trustee argues that since both nieces had attained the specified age on the date of death of Valentine Tournier, there is a valid disposition of the remainder of the fund which may be given effect and the alternative provision, unlawfully continuing the fund in trust until the nieces reach the age of twenty-five years, eliminated from the will. In support of this principle of law in the construction of wills, the leading authorities are cited. (*Schettler* v. *Smith,* 41 N. Y. 328; *Church* v. *Wilson,* 209 N. Y. 553, affg. 152 App. Div. 844; *Fowler* v. *Depau,* 26 Barb. 224.) The rule enunciated in these cases, however, is inapplicable to the situation presented here. In the will of this testatrix there is no direction for the payment over of the fund to the nieces on the death of Valentine Tournier if at that time the nieces have reached the age of twenty-five years. The direction is that the fund be added to the trust created for the nieces under the first clause of the codicil to the will. Had the nieces reached the specified age on the date of death of the testatrix on September 26, 1924, there would have been no possibility of continuing the fund in trust for an unlawful period and under such circumstances the gifts to the nieces would be given effect. (*Matter of Summerfield,* 172 Misc. 509; *Matteson* v. *Palser,* 173 N. Y. 404; *Matter of Dodge,* 129 Misc. 390.) Since, however, both nieces were under twenty-five years of age when the testatrix died, these authorities may not be invoked to sustain the gifts.

The intent of the testatrix, however, to benefit her nieces and give them the remainder of the trust established for the

life of Valentine Tournier may be effectuated by the application of the equitable principle of marshalling assets. The testatrix, in addition to the property over which she exercised the power of appointment, possessed an individual estate of approximately $30,000. Of this sum, after the deduction of property specifically bequeathed, there remained a balance of approximately $13,500. Had the trust for Valentine Tournier been erected out of this individual property of the testatrix, there would exist no violation of the rule against perpetuities. The right of any party to assert the equitable principle of marshalling assets was recognized in the accounting by the executors in this estate for in the decree of November 16, 1926, settling their account, there was specifically reserved to any party the right to subsequently assert that principle. In order to give effect to the intent of the testatrix to benefit her nieces, the Surrogate will apply the equitable principle of marshalling assets in the establishment of the trust for Valentine Tournier. (*Fargo* v. *Squiers,* 154 N. Y. 250; *Matter of Wainwright,* 248 App. Div. 336; *Matter of Terwilligar,* 135 Misc. 170, affd. 230 App. Div. 763; *Matter of Woodward,* 174 Misc. 919.) The remainder of the trust is therefore directed to be paid in equal one-half shares to the nieces, Lillia M. Bearns and Eleanor J. Bearns.

Submit decree on notice construing the will and settling the account accordingly.

(On reargument, March 12, 1945.)

The application for reargument is granted and such reargument has been had. No reason has been advanced to in any way change the prior decision of the Surrogate in which the equitable principle of marshalling assets was applied in order to give effect to the intent of the testatrix to benefit her nieces, Lillia M. Bearns and Eleanor J. Bearns. In the first clause of her will the testatrix provides: " I hereby intend to dispose of all property of which I shall be immediately seized or possessed or to which I may be entitled at the time of my death, and also all property over which I have power of disposition by the codicil to the will of my father. * * * "

This provision expressly directs a merger of the fund over which the testatrix possessed the power of appointment with her individual estate in order to carry out the dispositive provisions of her will. (*Matter of Wainwright,* 248 App. Div. 336.) That the testatrix intended to charge all the dispositions con-

tained in her will, except the specific bequests, upon the appointive fund is clearly evidenced by the fact that her will contains general legacies amounting to $35,500 and creates trusts in specific sums totaling $155,000 while her gross individual estate at the time of her death was only $29,760.07 and was considerably less than that sum when she executed her will a few years prior to her death. It is only by merging the appointive fund with her individual estate that the provisions of her will can be given effect.

There is no merit to the contention made by the residuary legatee that in applying the equitable principle of marshalling assets the appointive fund may not be used to pay the debts, taxes and administration expenses of the estate of this testatrix. In applying the equitable principle of marshalling assets the courts have repeatedly permitted the appointive fund to be so used in order to give the maximum effect to the dispositions of the will. (*City Bank Farmers Trust Co.* v. *Meyn*, 263 App. Div. 671; *Matter of Peace*, 259 App. Div. 838; *Maynard* v. *Maynard*, 108 Misc. 362; *Matter of Palmer*, 154 Misc. 705; *Matter of Rolston*, 170 Misc. 548; Restatement, Property, § 363, subd. [1], par. [a].)

My prior decision construing the will of this testatrix in respect of another trust fund (*In Re Bearns Estate*, 23 N. Y. S. 2d 1006, *sub nom. Matter of Bearns*, affd. 258 App. Div. 954, which was affd. 284 N. Y. 658) is not *res judicata* on the question of marshalling assets and does not prevent the application of that equitable principle in respect of the trust under consideration here. An examination of the record on the appeal from my prior decision discloses that the question of marshalling assets was not involved. The recital of the issue passed upon and set forth in the official report of the decision of the Court of Appeals specifically states that the parties presented their arguments on the assumption that the trust involved was part of the appointive fund. The court was not concerned with the question of marshalling assets. That decision therefore does not prevent the application of the equitable principle of marshalling assets in respect of the trust accounted for herein.

After the disposition of the objections to the account, which are to be heard on April 11, 1945, a decree settling the account and construing the will in accordance with this and my prior decision may be submitted on notice.