## JOHNSON *v*. TOOTLE.

### [88 South. 406, No. 21784.]

EVIDENCE.  *Testimony as to value as shown by sales statements inadmissibe as hearsay.*

Where plaintiff sued for breach of contract for failing to ship a bale of cotton by boat, claiming as damages loss in weight of the cotton and loss of three cents a pound in its value, and the testimony showed failure to ship by boat and a shipment by rail at a later period to the proper consignee in Mobile, Ala., and plaintiff testified to the damage to the cotton, its loss in weight, and that it sold for three cents a pound less than it would have sold for had it been shipped at the proper time, and where this testimony of plaintiff is solely based upon the sales statements of his cotton received by him from his merchant in Mobile, and not upon his actual knowledge of the damage to cotton, its loss in weight or what it would have sold for, all of this testimony relating to these items of damage was incompetent and hearsay testimony, and upon objection should have been excluded from the consideration of the jury, and upon motion by defendant a peremptory instruction for defendant should have been granted.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Andrew Tootle against J. H. Johnson before a justice of the peace. Judgment for plaintiff on appeal to the circuit court, and defendant appeals. Reversed and rendered.

*Rushing* and *Guice,* for appellant.

We submit to the court that if the appellee had shown a valid and binding contract with Mr. Johnson for the delivery of the cotton to Mobile, Alabama, on his schooner and had further shown that the freight charges agreed upon were paid according to agreement, they should have been entitled to a peremptory instruction in the court below and for the reason that appellee utterly fails to show

by any evidence capable of submission to the jury or of consideration by the jury that the cotton was in any manner damaged by reason of the miscarriage of the instructions relative to the transportation.

The only competent evidence in this case leaves this six hundred pound bale of cotton at Johnson's gin about six hundred miles from Biloxi.

There is nothing in the record to show that it was mistreated or that it became damaged in any manner but on the contrary when we next see the bale of cotton we find that it is in charge of one of the largest carriers running through the state of Mississippi, the L. & N. Railroad Company, and although they watch carefully for any defects or injuries to articles shipped, as a means of protection to themselves, we find that this careful railroad company issued to Mr. Johnson a bill of lading showing delivery to them of a six hundred pound bale of cotton in good condition.

There are no notations or exception of any kind on the bill of lading and at this point, as far as competent evidence in the case shows, the cotton disappeared. It is attempted here to show that this appellee received from T. G. Bush Grocery Company return for a four hundred forty-eight pound bale of cotton but there is no evidence on the part of T. G. Bush Grocery Company or any of its employees or servants to show that this bale of cotton was damaged or defective or that it was damaged in any manner by change in mode of transportation from the schooner route to the railroad route nor competent evidence to show that the price of cotton on the day it was received in Mobile, Alabama, of a given grade was not just as high as when the first four bales were received in Mobile, Alabama, or that the appellee could not have received return on another bale for the six hundred pound bale of cotton.

As we understand the law a jury cannot pass on a case until every element of the facts alleged is brought out very fully and completely by competent evidence that

shows proof of every fact alleged by plaintiff in his declaration. In the case at bar plaintiff in the court below avers that the prevailing price of cotton on the date of the first sale of cotton, to-wit: the four bales, was twenty-six cents per pound. We have searched in vain for any evidence in the record that shows this. He further states that the loss in weight was due to damage to the cotton sustained by reason of change of mode of, and delay in shipment. We find not one word in the record in support of this fact.

The declaration further alleges that it was necessary to pick off a certain quantity of the damaged cotton and that thereby the value of the remaining cotton was reduced. We cannot find one word of evidence to support this allegation in the record and without competent proof to support these allegations the defendant could not make out a case and there was nothing to submit to the jury and the partial evidence produced by him should have been excluded and a verdict given for defendant in the court below, appellant herein.

*S. C. Broom,* for appellee.

Briefly replying to the argument of counsel for appellant, we beg to submit that the existence of a contract between the appellant and appellee was shown by competent witnesses, and the existence of such a contract was never denied by the appellant, neither was there any question raised as to the authority of Jones to act as the agent of appellant. The record plainly discloses that the amount of freight to be charged for the shipment of the particular six hundred pound bale of cotton could not be ascertained at the time the contract was made and the liability of the appellant is not dependent upon the payment or the nonpayment of any freight charges that might have been due as to this six hundred pound bale of cotton.

We were not required to prove that we were damaged by the shipment of the cotton over the L. & N. Railroad Com-

pany's lines, or that it was an unsafe way of shipping the cotton, or that it was damaged when received by the T. G. Bush Grocery Company, these matters and things are not in issue. We care not how the damage was caused, if there was a contract and if there was a deviation from that contract, then appellant is liable for that loss, regardless of how it occurred.

It is in evidence that the freight was paid for the four bales of cotton that were shipped in accordance with the terms of the contract. It is fair to assume that the freight would have been paid on the six hundred pound bale if it had been shipped in accordance with the terms of the contract. It is apparent on the face of the record that the freight for the four bales which was paid was as a matter of fact deducted by the merchant in Mobile, as is customary and proper in such cases.

Premises considered, we respectfully submit that this cause should be affirmed.

SYKES, P. J., delivered the opinion of the court.

The appellee, Andrew Tootle, filed suit before a justice of the peace against the appellant, alleging that he made a contract with the appellant (defandant in the lower court) to gin a bale of cotton for him and then ship it by defendant's boat to the T. G. Bush Grocery Company of Mobile, Ala.; that the defendant failed to ship the cotton by boat, and at a later date shipped a bale of cotton, purporting to be the six hundred pound bale of plaintiff, but that the bale so shipped netted plaintiff only four hundred fifty-eight pounds, for which he received twenty-three cents a pound. Plaintiff also avers that the market price of cotton at the time the shipment should have been made was twenty-six cents a pound, and that his bale of cotton at that time would have brought one hundred fifty-six dollars, whereas it only sold for one hundred five dollars and thirty-four cents. It is averred that the loss in weight of the cotton was due to damage sustained by reason of the

delay in shipment and exposure to the weather, making it necessary to pick off a certain part of the damaged cotton, and also reducing the value of the remaining cotton. The suit was therefore filed for this alleged damage amounting to fifty dollars and sixty-six cents. In due course the case was appealed to the circuit court, and in that court plaintiff recovered a judgment for the amount sued for. From which judgment the case is appealed to this court.

The principal contention of the appellant is that he was entitled to a peremptory instruction in the circuit court.

The material testimony in the case is as follows: The plaintiff testified that he carried five bales of cotton to the gin of the defendant, and made a contract with the defendant's agent to gin and ship the five bales of cotton to Mobile by the defendant's boat; that four of these five bales were shipped by boat, but in some way the fifth bale was not, and this controversy arises about the fifth bale. This bale of cotton weighed six hundred pounds at the gin of the defendant. After it was found out that the defendant had in some way failed to ship this bale of cotton along with the other four bales, the defendant then shipped by railroad this bale with two other bales of cotton in the name of J. L. Tootle, a brother of the plaintiff, consigned to the Bush Grocery Company, Mobile. The plaintiff testified that all five of the bales of cotton were raised on the same character of land, and were of the same grade and staple. Over the objection of the defendant the plaintiff was allowed to testify that the four bales of cotton, which were shipped by boat in accordance with the contract, sold in Mobile for twenty-six cents a pound. His testimony further shows that he was not in Mobile at the time the cotton was sold, that he did not know the market price of cotton at that time, and that he is really testifying to this fact because of statements received from Bush in Mobile to the effect that his cotton sold for that price. This testimony was hearsay, and should have been excluded. The plaintiff's only source of information or knowledge was derived from these sales statements which he received from Bush. Over

the objection of the defendant, plaintiff was also allowed to prove that his fifth bale of cotton, which had weighed six hundred pounds at the gin, only weighed four hundred fifty-eight pounds when it was received by Bush in Mobile, that it had in some way become damaged, and it was necessary for some of it to be scraped off, and that this four hundred fifty-eight pound bale brought twenty-three cents a pound. The witness further stated that he was not in Mobile at this time, and his testimony shows that his only information about the damage to this cotton, the shortage in weight, and the price for which it sold, was information he received from the Bush Grocery Company. A mere statement of this testimony shows that it is hearsay testimony, and should have been excluded.

The only items of damage claimed by the plaintiff were the loss in weight of the cotton and the difference of three cents a pound which he claims he lost by reason of the failure to ship the cotton by boat along with the other cotton. He has failed to prove by competent testimony these damages, and for this reason the peremptory instruction requested by the defendant should have been granted.

*Reversed, and judgment here for the appellant.*