ETHELBERT I. LOW et al., as Executors and Trustees under the Will of LYMAN N. HINE, Deceased, Respondents, v. BANKERS TRUST COMPANY, as Trustee of FRANCIS L. HINE et al., Respondents, and FRANCIS L. HINE, 2D, et al., Infants, by SIBYL Y. HINE, Their Guardian ad Litem, Appellants.

144

(Argued January 28, 1936; decided March 3, 1936.)

*George W. Whiteside, Leonard P. Moore* and *David S. Hecht* for appellants. The doctrine of marshaling was not properly invoked to divert the principal of the trust fund to the payment of the debts, administration expenses, taxes and legacies of the estate. (*Farmers Loan & Trust Co.* v. *Kip,* 192 N. Y. 266.) Section 18 of the Personal Property Law (Cons. Laws, ch. 41) did not effectuate an execution of the power in favor of the executors. (*Standen* v. *Standen,* 2 Ves. Jr. 589; *Walker* v. *Mackie,* 4 Russ. 76; *Davis* v. *Williams,* 1 Adolph. & Ell. 1332; *Hughes* v. *Turner,* 3 Myl. & Keen, 666; *Jones* v. *Curry,* 1 Swanst. 66; *Millard* v. *Roberts,* 202 U. S. 429; *The Delaware,* 161 U. S. 459; *United States* v. *New York,* 160 U. S. 598; *Coosaw Mining Co.* v. *South Carolina,* 144 U. S. 550; *Holy Trinity Church* v. *United States,* 143 U. S. 457; *Matter of Flew-*

*wellin,* 122 Misc. Rep. 256; *Lockwood* v. *Mildeberger,* 159 N. Y. 181; *N. Y. Life Ins. & Trust Co.* v. *Livingston,* 133 N. Y. 126; *Mott* v. *Ackerman,* 92 N. Y. 539; *Hirsch* v. *Bucki,* 162 App. Div. 659; *Hollister* v. *Hollister,* 85 Ore. 316; *McLean* v. *McLean,* 174 App. Div. 152; *Stewart* v. *Keating,* 15 Misc. Rep. 44.) In no event were the executors entitled to the trust fund. (*Guaranty Trust Co.* v. *Halsted,* 245 N. Y. 447; *Farmers Loan & Trust Co.* v. *Mortimer,* 219 N. Y. 290; *Herzog* v. *Title Guaranty & Trust Co.,* 210 N. Y. 531; *Cutting* v. *Cutting,* 86 N. Y. 522; *Matter of Hayman,* 134 Misc. Rep. 803; *Matter of Terwilligar,* 142 Misc. Rep. 249; *Matter of Palmer,* 127 Misc. Rep. 782; *Rhode Island Hospital Trust Co.* v. *Anthony,* 142 Atl. Rep. 531; *McMurtry* v. *State,* 151 Atl. Rep. 252.)

*M'Cready Sykes* and *James J. Mennis* for plaintiffs, respondents. The power of appointment was duly exercised by the will and its application properly directed by the court below. (*Fargo* v. *Squiers,* 154 N. Y. 250; *Lockwood* v. *Mildeberger,* 159 N. Y. 181.) To confine the execution of a power to a residuary clause would conflict with section 18 of the Personal Property Law. (*Bolton* v. *De Peyster,* 25 Barb. 539; *Matter of Piffard,* 42 Hun, 34; 111 N. Y. 410; *Thomas* v. *Synder,* 43 Hun, 14; *Matter of New York Life Ins. & Trust Co.,* 139 N. Y. Supp. 693; 157 App. Div. 916; 209 N. Y. 585.)

*Frank Sowers* for Bankers Trust Company, as trustee, respondent. The deed of trust itself suspended the power of alienation for two lives and the children of plaintiffs' testator, for whose lives the will suspends the power of alienation, were not in being at the date of the trust deed. (*Matter of Hayman,* 134 Misc. Rep. 803; 229 App. Div. 853; 256 N. Y. 557; *Genet* v. *Hunt,* 113 N. Y. 158; *Fargo* v. *Squiers,* 154 N. Y. 250.)

*John A. Mullen,* as guardian *ad litem,* and *Jerome Heffer* for John Doe et al., respondents. The power of

appointment conferred on the testator was exercised by his will. (*Hutton* v. *Benkard*, 92 N. Y. 295; *Lockwood* v. *Mildeberger*, 159 N. Y. 181; *McLean* v. *McLean*, 174 App. Div. 152; *Matter of Flewwellin*, 122 Misc. Rep. 256; *Maynard* v. *Maynard*, 108 Misc. Rep. 362; *Matter of Dodge*, 129 Misc. Rep. 390; *Speir* v. *Benvenuti*, 197 App. Div. 209; *Matter of Mann*, 138 Misc. Rep. 42; *Neumann* v. *City of New York*, 137 App. Div. 55; *People* v. *Willett*, 164 App. Div. 1; *People* v. *Fegelli*, 163 App. Div. 576.) The appointive funds may and should be used to pay the specific legacy, debts and funeral expenses, administration expenses and taxes. (Cons. Laws, ch. 41, §§ 178, 179; *Matter of Hayman*, 134 Misc. Rep. 803; *Duff* v. *Rodenkirchen*, 110 Misc. Rep. 575; *Duff* v. *Fox*, 193 App. Div. 898; *Matter of Rooker*, 248 N. Y. 361; *Beardsley* v. *Hotchkiss*, 96 N. Y. 201; *Matter of Bankers Trust Co.*, 82 Misc. Rep. 375; *Farmers' Loan & Trust Co.* v. *Shaw*, 56 Misc. Rep. 201; *Furniss* v. *Cruikshank*, 230 N. Y. 495; *Fargo* v. *Squiers*, 154 N. Y. 250; *Matter of Terwilligar*, 142 Misc. Rep. 249; *Cheever* v. *Cheever*, 172 App. Div. 353; *Farmers Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Hirsch* v. *Bucki*, 162 App. Div. 659; *Maynard* v. *Maynard*, 108 Misc. Rep. 362.)

CRANE, Ch. J. This is an action for an accounting brought by the plaintiffs, as executors of the will of Lyman N. Hine, to secure possession for the estate of the principal of a trust fund set up by Francis L. Hine, and over which Lyman N. Hine was given power of appointment. The courts below have held that the appointment was illegal in effect and have charged the entire principal with the debts, legacies and taxes primarily chargeable to the estate of the testator. We do not agree with this disposition of the property for the following reasons, to state which requires an examination of the will and the estate disposed of.

On March 13, 1914, Francis L. Hine executed a deed of trust for the following purposes:

(a) To pay the income therefrom to his wife, Mary I. Hine, for life;

(b) Upon her death, to pay the income therefrom to her son, Lyman N. Hine, for life; and

(c) Upon the death of Lyman N. Hine, to pay over and transfer the principal to " such person, persons or corporations, and in such shares and proportions as the said Lyman N. Hine shall, in and by his duly executed and probated Last Will and Testament direct and appoint; or in default of such appointment, or in so far as the same, if made, shall not be effectual, to the issue of said Lyman N. Hine, *per stirpes* and not *per capita.*"

Mary I. Hine, the first life beneficiary, died May 11, 1927; Lyman N. Hine, the second life beneficiary, died March 5, 1930, leaving a last will and testament wherein he sought to execute his power of appointment and naming the respondents as his executors and trustees. The will was executed by Lyman N. Hine on May 22, 1929, at which time he had a personal net estate, exclusive of the power of appointment in the Francis L. Hine trust, of the value of at least $8,189,933.64. On this same date the value of the Francis L. Hine trust was $786,011.37.

On the date of his death, March 5, 1930, Lyman N. Hine's net personal estate, after deducting all expenses, amounted approximately to $5,200,000, and the Francis L. Hine trust to $675,264.49.

Upon his death, Lyman N. Hine left as surviving his issue, the appellants herein, neither of whom was in being on March 13, 1914, the date of the creation of the trust by Francis L. Hine. The son, Francis L. Hine, 2d, was fourteen years old, and the daughter, Sibyl Young Hine, under fourteen when this action was begun on December 26, 1930.

The will of Lyman N. Hine, admitted to probate on the 21st day of April, 1930, makes no specific mention of the power of appointment given to the testator by the deed of Francis L. Hine. As, however, the will passes all the

personal property of the testator, it is, by reason of section 18 of the Personal Property Law (Cons. Laws, ch. 41), a proper execution of the power, or a proper attempt at execution.

Without quoting this will in full, let us state the point which has arisen in this litigation. Lyman N. Hine passed all his residuary estate to his trustees for the benefit of his two children during their lives. Although no reference was made to the power of appointment, or any expression showing an intent to exercise the power, yet, as the testator disposed of all his personal property, it included an exercise of the power. In other words, the *method* of exercising the power was legal and proper according to this section 18 of the Personal Property Law, but the effect of its exercise was illegal, as it violated section 11 of the Personal Property Law, which provides that the absolute ownership of personal property shall not be suspended by any limitation or condition for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition, or, if such instrument be a last will and testament, for not more than two lives in being at the death of the testator. This power of appointment relates back to the deed of Francis L. Hine and, for the purpose of measuring lives, becomes a part thereof. (*Fargo* v. *Squiers*, 154 N. Y. 250, 260.) These trusts, therefore, created by Lyman N. Hine were illegal, as suspending the alienation of personal property or the principal of the trust for an additional two lives after the power of suspension had been exhausted by the life of his mother and himself. We, therefore, have a will executing a power of appointment by transferring the property to trustees for an illegal purpose.

A given power of appointment exercised in proper form and by legal method does not become an executed appointment according to the intent of the original trustor when its purpose is illegal. An illegal appointment is no

appointment. (*Guaranty Trust Co.* v. *Harris*, 267 N. Y. 1.) The deed of trust provided that the principal should pass in default of such appointment " or in so far as the same, if made, shall not be effectual, to the issue of said Lyman L. Hine, *per stirpes* and not *per capita*." It may make little difference in this case whether the issue of Lyman take for failure of legal appointment or under the appointment as made wiping out the trusts and considering them as remaindermen, taking the principal as at the termination of the trusts. Lyman, as aforesaid, by his will gave the residue of his estate, including (by operation of law) the principal of the trust to trustees to hold one-half in trust for the life of Francis L. Hine, 2d, his son, and the other half for the life of Sibyl Young Hine, his daughter. Upon the death of either, without issue, the other took absolutely. Thus the trust, having fallen in, terminated, as it would at death; these two children having no issue would take the remainders absolutely, one-half going to each. Such we may say was the intention of the testator according to the principle of acceleration. (*United States Trust Co.* v. *Hogencamp*, 191 N. Y. 281; *Matter of Fordham*, 235 N. Y. 384.)

We start, therefore, with the further consideration of this case by concluding that, the trust provision of the appointment being illegal, the two infant appellants are entitled absolutely to the principal of the trust, unless it is to be disposed of as directed by the judgment herein. Taking *Fargo* v. *Squiers* (154 N. Y. 250) as stating a rule to be applied in cases like this, rather than an indication that equity must try to determine the intent of a testator and do equity, the courts below have charged up all costs and expenses to the trust principal and relieved the testator's own estate.

What did he direct by his will? He had two estates to dispose of — his own, which amounted to over five million dollars, and that which he had received from Francis L. Hine, and could give under a power of appoint-

ment. His will first directs his executors to pay his just debts and funeral expenses as soon as practicable. After disposing of his personal effects he bequeaths $100,000 to his wife, Sibyl Y. Hine, which she is to take in lieu of dower or any other interest " in *my* estate." All the rest of his property he gives in trust as aforestated for the benefit of his two children. He directs his executors to pay out of this residuary estate any and all inheritance or transfer taxes.

We can read this will from beginning to end without receiving a suggestion or intimation that the testator had a power of appointment under the deed of Francis L. Hine. The will does not indicate that he even had the power of appointment in mind or that he actually or in fact intended to exercise the power of appointment. It is section 18 of the Personal Property Law, read into this will, which makes it obligatory upon the courts to consider the passing of all personal property as including the power of appointment. This section, however, does not prevent us from seeking the testator's intention as to other matters from the reading of his will, having in mind the situation and condition of his property. (*Lockwood* v. *Mildeberger*, 159 N. Y. 181, 187, 188.)

Surely the testator, when he gave a legacy of $100,000 to his wife in lieu of other interests in " my estate," did not intend that the legacy should be paid out of the estate of Francis L. Hine.

The general rule is that the testator's personal estate, which the will does not otherwise dispose of or exempt, constitutes the natural and primary fund for the payment of legacies as well as of debts. This rule is controlling unless the will either in express terms or by necessary implication discloses a different intention on the part of the testator. (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266, at p. 283.) We find nothing in this will of Lyman N. Hine to change this fundamental rule. His estate was amply able to pay all his debts and the trifling legacy, in comparison, left to his wife. Why

should all the cost and expenses of administering his personal estate of over five to six million dollars be taken out of the Francis L. Hine estate? We have nothing to show us that such was the intention of Lyman. The size of his estate and the fact that he never even mentioned his power of appointment indicate clearly to our minds that he expected his own estate to pay his debts, the meager legacy, the cost and expenses of administration and the taxes. At least we can be sure of this, that there is nothing in the surroundings or the circumstances or the will itself which indicates in the slightest degree that the testator intended to modify the general rule that his personal estate pay these charges.

And it may be said, in fairness to the courts below and to counsel for the respondents, that the only reason why all these expenses have been charged up to the principal of the trust is to prevent the children from getting that principal now before they have arrived at full age. The testator intended that his two children should not have the principal of his own estate which he placed in trust until they arrived at the ages of thirty and forty, when parts of the principal were to be paid to them. This intention is clear, for it is stated in black and white. In order to carry out this intention which the testator had regarding his own estate, the respondent justifies taking from the children the principal of the trust under Francis L. Hine's deed in order to accomplish the same purpose. The courts below have done indirectly what the statute says cannot be done directly; as the testator could not continue the Francis Hine trust for his two children, the courts have accomplished the same result by using all the principal to pay Lyman's debts and charges, thus increasing the legal trust for his children in his own estate by just so much more. In other words, the principal of the Francis Hine trust has been turned into the property of Lyman by using it instead of Lyman's property to pay debts. As the principal was the absolute property of the children, it could not thus be shifted to

accomplish an intent which the father expressed but failed legally to execute.

As the testator intended his personal property to pay his debts and legacies, we do not see how this intent is to be overcome or set aside because of something the testator might have done if he had thought about it, but in reality failed to do. Admitting that the testator did not want his children to have any large amount of money under their control before thirty, we do not see how the courts can take from them that which the law gives simply because the father has failed legally to execute his intent as to this trust property. Our law is very liberal in permitting people to make wills as they please, but in the absence of a legally expressed will, property passes according to our statutes and decisions, and we have no power to override these in the absence of a properly worded and constructed will. Intent is not sufficient; the intent must be expressed according to law.

We find nothing in the *Fargo* v. *Squiers* case (154 N. Y. 250, 261) conflicting with anything that we have here stated. In the first place, the testator there specifically referred to the power of appointment given her by the will of her father, so that it was clearly in her mind to make this part of her residuary estate chargeable with certain expenses. The court, moreover, found that her personal property was relatively so small in amount that if the trust fund was relieved of all expenses the intent of the testator could not be effectuated. The point of the case is well summed up in the opinion, which we quote, in order to distinguish: " A will in which a trust is created for the benefit of infant children; an estate in which there are two funds, one of which can lawfully be devoted to the purposes of the trust and the other not, and specific legacies in regard to which there has been no direction as to the fund out of which they should be paid. There is no question respecting her intention. She intended the whole of her residuary estate, including

that of which she had the power of appointment, to be held for the use of the Squiers children. In so far as her will is in violation of the statute her intention cannot be carried out, but a court of equity, in the exercise of its discretion, has the power to carry out the intention of the testatrix, as disclosed by her will, so far as it is not violative of the provisions of the statute. It cannot devote the trust estate created by the will of William G. Fargo to the making up of the trust created by the will of Georgia Fargo; but it can, for the purpose of carrying out her wishes and intention, require the specific bequests to be paid out of the estate of which she had the power of appointment, thus saving her individual estate unimpaired to constitute the trust provided for by her will. Ordinarily, perhaps, the individual estate would first be exhausted in payment of the specific bequests; but in this case to so pay the specific bequests would not only defeat the main object and purposes of the will, but the intention of the testatrix. The situation is not an uncommon one in principle; it is analogous to the marshaling of the estates of a deceased person. The rule is that the personal estate must be first exhausted in the payment of the debts to the relief of the real estate; but courts of equity will not enforce this rule where it is in apparent hostility to the purpose and intent of the will, and will defeat the bequests made therein."

As we have stated above, in the case before us we find no expressed intention in the will regarding the power or the execution of the power of appointment. Neither can the intent and purpose of the testator regarding his legacies and legal trusts be in any way affected or weakened by following the general rule regarding the payment of debts and expenses. We can spell out from the circumstances no wish or inclination that these should not be paid by his estate. We may say that the *Fargo* case was limited to the facts, to the equities of the situation, all of which were changed in *Farmers' Loan &*

154

*Trust Co.* v. *Kip* (192 N. Y. 266), where a different result was reached without in any way changing the law; the general rule was unmodified by any equities because there were none.

By this process of reasoning we have reached the conclusion that the judgments below must be reversed, and judgment entered for the infant appellants, the issue of Lyman N. Hine, giving them the principal of the Francis L. Hine trust, or so much of it as remains, without deduction for the debts of Lyman N. Hine, the legacy under his will, the payment of inheritance taxes or the cost and expenses of administration. Costs in all courts are to go to the appellants, payable out of the estate.

The judgments should be reversed and judgment directed in accordance with this opinion, with costs to appellants payable out of the fund.

O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; LEHMAN, J., concurs in result; FINCH, J., not sitting.

Judgment accordingly.