In the Matter of the Estate of JENNIE L. SUMMERFIELD, Deceased.

Surrogate's Court, New York County, October 26, 1939.

510

*Harry Krokow,* for the petitioner.

*McCauley, Spiegelberg, Davis & Gallagher* [*George A. Spiegelberg* and *Milton Goldman* of counsel], for Margaret K. Breslauer and Eleanor Carr, respondents.

*Wollman & Wollman* [*Achilles H. Kohn* and *Aaron B. Coleman* of counsel], for Beatrice R. Kohn, individually and as executrix of and trustee under the will of Harry R. Kohn, respondent.

*Grace K. Santo,* special guardian.

FOLEY, S. Several questions of construction are presented for determination in this proceeding.

(1) The third paragraph of the will of the testatrix created a trust in the sum of $12,000 for her son, Harry Kohn, for life, with directions to pay the principal upon his death to and among such person or persons and in such shares as he shall in his will appoint, or in the event of his failure to so appoint, to pay the principal to and among his next of kin. The life beneficiary of this trust survived the testatrix and died on March 20, 1939. His wife and two adult children survived him. He left a will containing a residuary clause, which attempted to dispose of his entire estate. In it he did not specifically mention or refer to the power of appointment given to him under the donor's will, or expressly exercise it in any way. It is contended, therefore, that he did not intend to exercise the power and that the alternative provisions of the will of the testatrix directing payment to the beneficiary's next of kin became operative.

Without for the moment passing upon the question of the legality or illegality of the provisions of the donee's will as an exercise of the power of appointment, it is sufficient to state that although no reference to the power was made in the will, or any expression showing an attempt to exercise it, as the donee disposed of all his personal property, it included an exercise of the power. (*Low* v. *Bankers Trust Co.,* 270 N. Y. 143; *Lockwood* v. *Mildeberger,* 159 id. 181.) The inclusion in the will of the residuary clause was a proper and legal *method* of exercising the power under section 18 of the Personal Property Law irrespective of the effect of its exercise. (*Low* v. *Bankers Trust Co., supra.*)

It is further contended that the provisions of the donee's will, if they were intended as an exercise of the power, are invalid as violating the rule against perpetuities. Paragraph third of the donee's will created a trust of his residuary estate for the life of his wife or until she should remarry. Upon the death of his wife, if issue of their marriage should then be living, he directed that the principal be divided " into as many equal parts as there may be children of our marriage then living or represented by descendants;

to pay over to the issue of each deceased child (*per stirpes*) and to any child who shall have attained the age of twenty-one years, the share of such child or deceased parent; and to keep invested the share of each of said other children, and to pay over for his or her maintenance, education and support, the income received upon the share so held for him/her, until said child shall attain the age of twenty-one years or sooner die, and thereupon to pay over the principal of such share to such child, or should he/she die under twenty-one, to the persons appointed by his/her last will, or failing such appointment to his/her next of kin." He further directed that upon the remarriage of his wife, one-third of the principal of the trust should be continued to be held for her benefit for life, and the other two-thirds divided and distributed in the same manner as directed to be distributed upon her death. Similarly, he directed that upon the death of his wife, the one-third part of the trust continued to be held for her life, in the event of her remarriage, should be distributed in the same manner as the other two-thirds of the trust. There is also found in the will a direction that should the donee's wife die leaving no issue of their marriage her surviving, to pay over to such persons as she may by her will appoint, such part of the trust fund then held for her benefit as may be equal to one-third of the donee's estate at the time of his decease and to hold the residue of the estate upon the further trust for the life of his sister, Benita, if she be then living and upon the death of the sister or upon the death of the wife, should the sister have died first, to pay over the principal to the issue of the sister *per stirpes*, or failing such issue, to the next of kin of the donee's father, Morris Kohn.

An adjudication of invalidity, which would destroy the entire testamentary plan of distribution of the donee in so far as it relates to the appointed property, is sought because of the alleged possibility of an illegal suspension of ownership beyond two lives in being.

The contention as to total invalidity is overruled. The primary object of the donee's bounty was his widow for whom he created a trust of his entire estate. The courts strain to carry out as far as possible the purpose of the testator. (*Matter of Lyons*, 271 N. Y. 204.) " If a way be found to preserve what is essential and legal, that which is illegal and of minor consequence must not be permitted to defeat the clear purpose of the testator." (*Matter of Trevor*, 239 N. Y. 6; *Matter of Lyons*, 271 id. 204; *Oliver* v. *Wells*, 254 id. 451; *Matter of Gallien*, 247 id. 195; *Matter of Horner*, 237 id. 489; *Carrier* v. *Carrier*, 226 N. Y. 114; *Kalish* v. *Kalish*, 166 id. 368; *Matter of Froman*, 165 Misc. 400.) The valid parts of the wills can be preserved in order to effectuate that purpose. The

trust may be sustained for the further life of the donee's widow. The maximum period of suspension under the wills of the donor and the donee thus will not exceed the statutory period of two lives in being. For the purpose of measuring the lives, the power of appointment relates back to the will of the donor and becomes a part thereof. (*Low* v. *Bankers Trust Co.*, *supra; Fargo* v. *Squiers*, 154 N. Y. 250, 260.) Viewed from the date of the creation of the trust, at the death of the donor, it was valid for the life of the donee and continues to be valid for the life of the donee's wife. The possibility of the invalidity of the ulterior gifts after the termination of the second life estate cannot affect the legality of the trust. Nor is the legality of the trust affected by the fact that the trust term is measured by the lives of two beings, one of whom was designated under the exercise of a power of appointment which may be valid in part only. (*McLean* v. *McLean*, 174 App. Div. 152; affd., 223 N. Y. 695; *Matter of Remsen*, 126 Misc. 25.)

Nor is it necessary to determine the disposition of the ulterior gifts over upon the death or remarriage of the donee's wife at the present time. The question is now purely academic. The future estates are clearly contingent and cannot take effect until the death of the donee's widow and the ascertainment at that time of the actual facts of survivorship. Separate and distinct limitations were provided for by the donee's will under which the remainders were to finally vest. In one contingency, the terms of the will provide for outright distribution, which would be valid, to the two adult children of the donee if they survive the secondary life tenant. The alternative provision for the withholding of the remainder in further trust for the children of the donee who might be under twenty-one at the date of his death can never take effect and may be disregarded. In the light of the situation existing at the death of the donee, there can never be under the terms of his will a further suspension for the lives of infant children, since he left only adult children. Whether a given term of suspension of alienability, or of absolute ownership, or a term of postponed vesting, is duly measured, depends upon how the facts stand at the creation of the estate. (Chaplin on Suspension of the Power of Alienation [3d ed.], § 88 *et seq.*, p. 64; Gray's Rule against Perpetuities [3d ed.], § 231, p. 205; *Matteson* v. *Palser*, 173 N. Y. 404; *Matter of Dodge*, 129 Misc. 390.) The period of suspension under the donee's will was, therefore, measured only by the life of the donee's wife. The situation here is in effect no different from that where the donee of a power creates one further life estate by his will, which is indisputably valid, after an estate for his own life under the donor's will.

In such case, the statutory period of two lives is, of course, measured from the date of the donor's death, even though the designation and identification of the second life is not determined until the termination of the first life. Both lives must be lives of persons in being at the creation of the estate. There can, therefore, be no invalidity so far as the directions under the donee's will for distribution of the remainder to his children is concerned.

In another contingency, however, the donee has provided that if his wife should die leaving no issue, a part of the principal should be held in further trust for his sister for life if she then be living; and upon the death of his sister or upon the death of his wife should the sister have died first, to pay over the principal to the issue of his sister *per stirpes*, or failing such issue to the next of kin of his father, Morris Kohn. In this contingency, the withholding of the payment of the principal for the third life of the sister would be invalid as creating an unlawful suspension.

Since, therefore, the distribution of the remainders depends upon contingencies, some of which are valid and one invalid, it is inadvisable to make any determination respecting their disposition now. The identity and ascertainment of the persons who will take under the will of the donee will be postponed until the occurrence of the events provided for in the will. (*Looram* v. *Looram*, 269 N. Y. 296; *Matter of Mount*, 185 id. 162; *Matter of Trevor*, 239 id. 6; *Matter of Froman*, 165 Misc. 400; *Matter of Suydam*, 139 id. 845.)

(2) The second paragraph of the will of the testatrix bequeathed a fund of $12,000 in trust for the life of her mother, Bertha H. Samuels, with directions to divide the principal upon the death of the life tenant into two equal parts, one of which was directed to be paid over and added to the trust fund created under paragraph third of her will for the benefit of her son, Harry Kohn, for life. Under the third paragraph, as hereinbefore pointed out, Harry Kohn had power to appoint the remainder, which he attempted to exercise under the residuary clause of his will in further trust for the life of his widow with remainders over. The fund of $6,000 having already been held for the period of two lives, cannot be held for the additional term of another life. The provisions of the donee's will, so far as this trust is concerned, are, therefore, invalid. The additional third life estate must be excised and since the remainders are clearly contingent and cannot be accelerated, the testatrix must be deemed to have died intestate as to such remainders. The fund, therefore, passes under the alternative provisions of the donor's will to the next of kin of the donee. As the will of the testatrix was executed prior to the effective date of section 47-c

of the Decedent Estate Law, the widow of the donee is not included within the intended class of next of kin, and is, therefore, not entitled to share in the principal. (*Matter of Waring*, 275 N. Y. 6; *Matter of Lake*, 170 Misc. 840.) It is payable in equal parts to the two adult children of the donee, who survived him, as his sole next of kin.

(3) I hold that the income of the trusts which accrued prior to the death of Harry Kohn, the secondary life beneficiary, but which was not paid over to him in his lifetime, is now payable to his estate. (Surr. Ct. Act, § 204; *Matter of Watson*, 262 N. Y. 284; *Bloodgood v. Lewis*, 209 id. 95.)

Submit decree on notice construing the will accordingly.