In the Matter of the Estate of SARAH J. GRINNELL, Deceased.

Surrogate's Court, New York County, February 24, 1944.

*Lawrason Riggs* for Ray Morris, petitioner.

*Hamilton McInnes* for State Tax Commission, respondent.

FOLEY, S. This is an appeal by the executor from the *pro forma* order of August 23, 1943, fixing the estate tax on the appraiser's report. The ground of appeal is that the appraiser erroneously included in the gross estate the sum of $16,462.52, representing the corpus of an *inter vivos* trust over which the decedent had a power of appointment. It is contended that the devolution of that amount was not taxable in the estate of the testatrix.

Mrs. Grinnell died on November 20, 1941. Under the terms of the trust deed executed by one William Montgomery, Jr., in 1891, she was entitled to the income for life and was given a general power of appointment over the remainder. The deed provided that in the event Mrs. Grinnell did not exercise the power, the fund was to pass to her children or issue respec-- tively by representation. She left five children surviving.

Four contentions are asserted by the executor:

(1) That the testatrix did not intend generally to exercise the power and that the property passed under the alternative terms of the deed.

(2) That the testatrix could not have intended particularly to exercise the power because partial invalidity would have resulted under the terms of the will by the violation of our statute against perpetuities, and the intent "to do an invalid and illegal act" cannot be imputed to her.

(3) That the statutory presumption of intent under section 18 of the Personal Property Law, which provides, in the absence of a declaration to the contrary, that the will of the donee is deemed to convey the property covered by the power, is not applicable.

(4) That if the power is found to have been actually exer- cised, a person named as an outright beneficiary of one fifth of the fund under the will had the right to elect, in disregard of the exercise, to take the same share under the terms of the instrument creating the power and thereby said share must be eliminated from the taxable estate of the testatrix.

The appeal is denied as to three fifths of the principal of the fund which the Surrogate holds was validly appointed by the will of the testatrix. The appeal is sustained as to one fifth of the fund which was invalidly attempted to be postponed on further trust for the life of a son who was not in being at the

date of the creation of the original trust. It is also sustained as to another one fifth which was given outright to a son by the terms of the will, but which did not deprive him of his right to elect to take under the alternative provisions of the deed in the same fractional share.

The first three contentions of the executor, as set forth above, are unsupported by the law and the facts and are overruled.

It clearly appears by the application of the statutory presumption under section 18 of the Personal Property Law, that Mrs. Grinnell must be deemed to have intended to exercise the power. That section reads: " Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication." Mrs. Grinnell made no mention in her will of the privilege given by the settlor of the trust. But it is immaterial that the will is silent in respect of the exercise of the power. Knowledge of its existence is imputed to the donee by the statute. (*Low* v. *Bankers Trust Co.*, 270 N. Y. 143; *Lockwood* v. *Mildberger*, 159 N. Y. 181; *Matter of Trotter*, 175 Misc. 356; *Matter of Summerfield*, 172 Misc. 509.) There is no express or implied direction in the will that the appointment was not intended to be executed. To the contrary, there is a significant statement in the will, which supports the conclusion, that Mrs. Grinnell actually intended to exercise the power given to her under the trust deed. She had been given a separate general power of appointment over the remainder of a trust under the will of her father. She expressly recited her knowledge of the existence of such power. She declared that she knew that the fund would pass to certain persons in the event that she did not exercise an appointment over the fund. She thereupon made the significant statement in respect of this power, " I make no appointment in relation to the same and nothing in this will is to be construed as making any such appointment." The unequivocal renunciation of the appointment under her father's will reveals, by strong contrast, her intent to exercise the power given to her under the deed of trust created by Mr. Montgomery.

There is not the slightest basis to support the second contention of the executor that an intent not to appoint may be inferred because of the rule that a person generally is presumed not to plan an invalid or illegal act. It is claimed under this contention that the testatrix must have comprehended the

appointment of one fifth of the fund to a person not in being at the creation of the trust and that invalidity would thereby result. There may be a general rule, as stated by counsel for the executor, that an intent should not be imputed to a person to do an invalid act. Certainly, there is no canon of construction of wills to that effect, because experience has demonstrated that the makers of wills and their attorneys and draftsmen frequently make mistakes in creating void trusts or dispositions of property violative of the rules of public policy and of statutory restraints on testamentary gifts. An innocent intent cannot save these void directions. Any presumption of a purpose not to do wrong would disappear in the face of the actual facts and the specific violation of law.

The Surrogate accordingly holds that the testatrix must be deemed to have intended to exercise the power of appointment under the deed of trust. The fact that part of the testamentary plan of appointment is invalid does not destroy the remainder of the plan. The principle of judicial salvage in such cases is applied and the valid provisions given recognition and effect. (*Matter of Eveland*, 284 N. Y. 64; *Matter of Lyons*, 271 N. Y. 204; *Matter of Trevor*, 239 N. Y. 6; *Matter of Froman*, 165 Misc. 400; *Matter of Trotter, supra.*) No infirmity attaches to the three one-fifth shares appointed under subparagraphs one, two and three of paragraph sixth of the will. These directions thereby constituted a valid and effective exercise of the power of appointment. The attempt to appoint a one-fifth share for the life of Robert Stone Grinnell, a son, who was not in being at the time of the creation of the original trust, violated our statute against perpetuities and is invalid. That share passes under the alternative clause of the deed. It is not taxable in this estate and must therefore be excluded from the gross estate.

The fourth contention of the executor is sustained. The Surrogate holds that the additional one-fifth given by the testatrix outright to her son, Lawrence I. Grinnell, must be eliminated from the gross estate because he would take the same fractional share under the alternative clause of the deed. He is thereby privileged to elect to take by disregarding the appointment. (*Matter of Vanderbilt*, 163 Misc. 667, affd. 255 App. Div. 776, affd. 281 N. Y. 297, affd. *sub nom. Whitney* v. *Tax Commission*, 309 U. S. 530; *Helvering* v. *Grinnell*, 294 U. S. 153; *Matter of Ripley*, 122 App. Div 419, affd. 192 N. Y. 536; *Matter of Slosson*, 216 N. Y. 79; *Matter of Taylor*, 121 Misc. 7, affd. 209 App. Div. 299, affd. 239 N. Y. 582.) Nothing contained in the recent decision of the United States Supreme Court in *Estate of Rogers* v.

*Commissioner* (320 U. S. 410) has changed the conclusion reached in the *Vanderbilt* case (*supra*) and in *Helvering* v. *Grinnell* (*supra*) that the right of election is available. On the contrary, the majority opinion pointed out that where " a donee of a power merely echoes the limitations over upon default of appointment he may well be deemed not to have exercised his power, and therefore not to have passed any property under such a power." The bequest to the son Lawrence, here, was no more than an echo of exactly the same share of the fund to which he was entitled under the alternative clause of the deed in the event that the power was not exercised.

Submit order on notice denying the appeal in part, sustaining it as to the remaining parts and modifying the order fixing the tax in accordance with this decision.