In the Matter of the Accounting of LENA ROSENMAN et al., as Trustees under the Will of LOUIS ROSENMAN, Deceased.

Surrogate's Court, Kings County, May 21, 1951.

*Mitchell, Capron, Marsh, Angulo & Cooney* for trustees, petitioners.

*Orrin G. Judd,* special guardian.

*Levy & Kornblum* for Manufacturers Trust Company, respondent.

*Samuel I. Bazil* and *Charles H. Cohen* for Martin M. Shir, respondent.

RUBENSTEIN, S. The petitioners herein, as an incident of the judicial settlement of their account as trustees, seek a determination as to the proper distribution of the remainder of the trust created under paragraph "Fifth" of testator's will for the benefit of his daughter, Esther Shir. The trust has terminated by the death of such daughter.

Under the terms of paragraph "Fifth" of his will testator devised and bequeathed a one-sixth part of his residuary estate to his trustees to pay the income thereof to his daughter, Esther, for life, with provision for payment of portions of the principal at stated times, not material to the question presented for determination. Suffice to say that 50% of the principal

was still held in trust at the time of the life beneficiary's death. The daughter was given a power of disposition of the remainder by will " to such person or persons, and in such shares or proportions " as she might direct by will or appoint and in default of such appointment to her issue and should she leave no issue to the issue of testator. The daughter left issue surviving.

Testator's daughter died July 12, 1949, leaving surviving her husband and two children. She left a will, which has been duly probated, the material parts of which, after specific devise and bequest of a parcel of real property and personal effects to her husband, give to her said husband one half of the balance of her real and personal property. After disposing of certain insurance policies on the life of her husband, directs that her residuary estate be divided into two equal parts and creates trusts, each of one of such parts, for her two children.

The will makes no mention of the power of appointment given to her under testator's will but since it disposes of all her property and estate and nothing contained therein indicates an intention not to exercise such power, the power is deemed to have been exercised (Personal Property Law, § 18; *Lockwood* v. *Mildeberger,* 159 N. Y. 181; *Matter of Grinnell,* 183 Misc. 109; *Low* v. *Bankers Trust Co.,* 270 N. Y. 143; *Matter of Trotter,* 175 Misc. 356; *Matter of Summerfield,* 172 Misc. 509). The power having been validly exercised the effect thereof upon her will remains to be considered.

Specifically stated, the question for determination is whether the husband of the donee of the power granted in testator's will is entitled to share in the appointive property. The solution of the question must be found in the intention of the donee as expressed in her will, whether the appointive property was to fall into and be disposed of solely in the residuary clause or whether it was affected by the terms of the entire instrument.

The will of the donee shows careful consideration of her testamentary plan and is expertly drawn. It disposes of certain items of her real and personal property, specifically, and then gives to her husband one half of the balance of her property, real and personal, and concludes with a residuary clause wherein trusts are created for her two daughters. It is apparent thereby that she intended to dispose of all her property and, while failing to mention the power of appointment, it is evident that she intended that her husband share in the appointive property. Any other construction of the language of her will, when the addition of a few simple words in the carefully prepared

instrument would indicate a contrary intention, would be to thwart her testamentary plan.

In *Matter of Lynn* (261 App. Div. 513, affd. 287 N. Y. 627), the late Presiding Justice MARTIN of the Appellate Division, in writing for the majority, said at page 516: " Ordinarily the intention of a testator to dispose of all of his property may be evidenced by a residuary clause. There is language in some of the cases which gives the impression that property embraced within a power of appointment passes under the residuary clause of the donee's will, unless the will, either in express terms or by necessary implication, discloses a different intention on the part of the testator. There is, however, no definite rule." And again at page 518: " We are of the opinion that the better rule is that when the power of appointment is deemed exercised through the application of the statute, the testator must be taken as exercising his general power to the extent to which the fund subject to it is required to make all lawful provisions of the will effective." (See, also, *Matter of Wainwright*, 248 App. Div. 336.)

Applying the principles therein enunciated the court determines that testator's daughter validly exercised the power of appointment granted to her under testator's will, that she intended that her will, in its entirety, was to effect the appointive property and that her husband is entitled to a one-half interest therein.

Submit decree, on notice, accordingly.