Maximilian Moss, S.
This is a trustees’ accounting and, as an incident thereto, the court is required to determine the *359 validity of the exercise of the power of appointment granted in article “ Eighth ” of the testator’s will to his daughter, Helen S. Taylor, as appointee.
The testator died May 11, 1933, leaving a will which was admitted to probate. By article ‘ ‘ Eighth ’ ’ he created a trust of a fund, the income of which was to be paid to his daughter, Helen S. Taylor, during her lifetime and upon her death the principal was to be paid to such persons as she designated by her last will, and should she die intestate, to those persons who at the time of her death shall constitute her next of kin. The residual provision contained in article “ Eleventh ” of the said will provides for an identical disposition of the portion of said residual fund bequeathed to the daughter Helen.
The daughter, Helen S. Taylor, died a resident of Kings County on September 9, 1957, and under article “ Fifth ” of her will she attempted to exercise the power of appointment of the corpus of the trust created for her benefit by dividing the same into as many shares as her son may leave issue living at her death which shares were to be held in trust for their respective lives, the income to be paid them from time to time and upon the death of each beneficiary the principal to their issue or, in default of issue, to the remaining children per stirpes. The children of the testator’s grandson, the only issue of Helen S. Taylor, are four infants, each under 14 years of age, all of whom were born subsequent to testator’s death.
When determining the validity of an appointment, the provisions of the appointee’s will must be read into the will of grantor, and read as if incorporated therein (Genet v. Hunt, 113 N. Y. 158; Hillen v. Iselin, 144 N. Y. 365; Fargo v. Sguiers, 154 N. Y. 250).
The trusts created under the will of the appointee for her grandchildren must be read into the will of Herman Stutzer, which will determine the validity of the bequests (Low v. Bankers Trust Co., 270 N. Y. 143). The attempted exercise of the power of appointment by Helen S. Taylor suspended the absolute ownership of personal property during the lives of persons not in being at the death of Herman Stutzer and is violative of the statute (Personal Property Law, § 11; Low v. Bankers Trust Co., supra) and illegal.
An illegal appointment is no appointment (Guaranty Trust Co. v. Harris, 267 N. Y. 1). By the terms of his will, the testator contemplated as alternative beneficiaries, in the event of his daughter’s failure validly to exercise her appointive power, those persons who constituted her next of kin. Under these circumstances the income and remainder will vest in the alterna *360 tive beneficiaries designated by the testator’s will (Matter of Berwind, 181 Misc. 559, 563). The disposition of this trust corpus is to be made to the next of kin of the daughter, Helen S. Taylor.
Settle decree on notice.