Johh J. DruLOH, S.
In connection with this trustees’ accounting the court is asked to construe paragraph “ fourth ” of decedent’s will, which created a general power of appointment in favor of decedent’s daughter, in the light of the attempted exercise thereof by the donee.
Our decedent died June 15, 1931 leaving a will which was admitted to probate in this court July 1, 1931. The decedent’s daughter, the donee of the power created by paragraph *1 fourth ’ ’ of the will, died in 1958 leaving a will and two codicils which were admitted to probate by the Superior Court of California. By her will, she attempted to exercise the power by creating a trust for the benefit of her two children, both of whom were born after the decease of the testator.
In determining the validity of the exercise of the power, the law of the donor’s domicile controls. (Matter of Berwind, 181 Misc. 559; Matter of New York Life Ins. & Trust Co., 209 N. Y. 585; Chase Nat. Bank v. Chicago Tit. & Trust Co., 271 N. Y. 602.) In this case the controlling law is that of New York and the applicable principles are these: In testing the validity of the appointment, the provisions of the appointee’s will must be read into the will of the grantor as if they were incorporated therein. (Genet v. Hunt, 113 N. Y. 158; Low v. Bankers Trust Co., 270 N. Y. 143; Fargo v. Squiers, 154 N. Y. 250; Matter of Stutzer, 17 Misc 2d 358.) In testing the validity of a suspension of the right of alienation by the exercise of a power, the period is computed from the time of the creation of the power. (Real Property Law, § 178; Matter of Walton, 70 N. Y. S. 2d 465.) Applying these rules to the present case, it is apparent that the attempted exercise of the power of appointment by the decedent’s daughter suspended the absolute ownership of property during the lives of persons not in being at the death of the donor of the power and is therefore invalid. (Personal Property Law, § 11; Real Property Law, § 42; Fargo v. Squiers, supra; Matter of Belmont, 22 N. Y. S. 2d 800; Matter of Trowbridge, 124 Misc. 317.)
*64 An illegal appointment is not an appointment. (Guaranty Trust Co. v. Harris, 267 N. Y. 1.) In view of the invalid exercise of the power, the court must determine how the property shall be distributed. The decedent provided for a gift over to the issue of his daughter should there be a failure to appoint the property, but failed to indicate whether the distribution should be in equal shares. The decedent’s daughter had two children both of whom are alive. The question presented is therefore academic for in any case the property is properly distributed equally between the said children free of any trust .